## SHOPE v. THE STATE.

1. A forgery of any writing which can be used to defraud another, and which
   is not made the subject-matter of a prosecution for forgery elsewhere
   than in section 243 of the Penal Code, is indictable under that section;
   and the indictment need not on its face show in what manner or by what
   means it was intended to consummate the fraud.
2. One who has been bound over to a superior court for trial can not, after
   an indictment has been returned against him, attack the same on the
   ground that grand jurors who acted thereon were disqualified by rela-
   tionship to persons interested in the prosecution.
3. Disqualification of a judge on account of his relationship to such persons
   may be waived, and it is not essential that the waiver be made expressly
   or in writing.
4. The evidence in this case warranted the verdict, and the record discloses
   no sufficient reason for setting it aside.

Argued December 5, — Decided December 17, 1898.

Indictment for forgery.   Before Judge Henry.   Chattooga
superior court.   July 11, 1898.

*C. L. Odell* and *Copeland & Jackson*, for plaintiff in error.
*Moses Wright, solicitor-general*, and *J. M. Bellah*, contra.

LUMPKIN, P. J.   The indictment in this case was based on
section 243 of the Penal Code.   It charged Shope with forging
a certain instrument by filling the blanks in a printed form,
which was as follows: "Trion Manufacturing Company, Trion,
Ga.,..........189... Marks. Numbers. Weight. Prices.
From.................................. Weigher,.........."
so as to make the same read thus:
   "Trion Manufacturing Company, Trion, Ga., Nov. 30th, 1897.

| "Marks. | Numbers. | Weights. | Prices. |
|---------|----------|----------|---------|
|         | 4738     | 542      | 5 1/4   |
|         | 4739     | 514      | 5 1/4   |
|         | 4740     | 492      | 5 1/8   |
|         | 4741     | 501      | 5 1/4   |
|         | 4742     | 410      | 5 1/8   |

"From J. H. Hale.                      Weigher, C. D. H."

1. Counsel for the accused demurred to the indictment, alleging, in substance, that it set forth no specific act of the accused rendering him guilty of any kind or class of forgery under the laws of this State; that it did not charge him with signing the name of any person, company, or corporation to the writing alleged to have been forged, and that it did not aver that the letters or initials "C. D. H." represented the signature of any person connected with the Trion Manufacturing Company. We think the court was right in overruling the demurrer. We hold, without difficulty, that the instrument alleged to have been forged fell within the broad class of papers referred to in the above-cited section of our Penal Code. In this connection, see *Berrisford* v. *State*, 66. *Ga*. 53. In that case, Speer, Justice, remarked with reference to section 4451 of the code then of force: "It evidently was the intent of the legislature to embrace every species of writing that could be used or written in a form and with a view of defrauding another." And see, also, *Travis* v. *State*, 83 *Ga*. 372, where in construing the same law this court held that "it need not appear on the face of the indictment in what manner or by what means the consummation of fraud would be possible. It is enough if the writing might defraud, or might be used to defraud." The provisions of the section just referred to are embraced in section 243 of present Penal Code. The letters "C. D. H." written after the word "weigher" were manifestly intended to represent the initials of some person who employed this method of signing papers like the one alleged to have been forged, and the fact that the blank was headed "Trion Manufacturing Company" sufficiently indicates that "C. D. H." — whoever he was — occupied the position of weigher of this company.

2. Counsel for the accused also filed a special plea in abatement, alleging therein that certain members of the grand jury were disqualified by reason of relationship to stockholders of the Trion Manufacturing Company. The record discloses that, prior to the term of the superior court at which he was indicted, the accused had been arrested, carried before a justice of the peace, and bound over for this offense. It is plain, therefore, in view of the decision made by this court in the case of *Lascelles* v. *State*, 90 *Ga*. 372, the special plea was not well founded.

3. The judge who tried the case was a nephew of two stockholders of the Trion Manufacturing Company. This fact was known to counsel for the accused before the trial began. After it had proceeded for at least a day, and after most of the evidence had been introduced, counsel for the accused for the first time raised the question of the competency of the judge to preside at the trial. Granting that the judge was disqualified, we are of the opinion that, in view of the circumstances above stated, this point was waived. It ought to have been made when the case was called for trial. Section 4045 of the Civil Code in effect declares that a judge disqualified by reason of relationship may nevertheless preside with the consent of all the parties at interest. This section further provides that where a judge has been employed as counsel in a case before going upon the bench, he can not preside in that case unless "the opposite party or counsel agree in writing that he may preside;" but consent that a judge disqualified by relationship may preside need not be in writing.

4. It was earnestly argued here that the verdict of guilty returned by the jury was not supported by the evidence. In this connection, the special point was made that the instrument as described in the indictment had above the first column of figures appearing therein the word "Numbers," whereas the paper offered in evidence as the one forged had instead of "Numbers" the abbreviation "Nos." We do not regard this as a material variance, and are satisfied that the paper was properly admitted over objection thereto by counsel for the accused.

As to the merits, we have, after a careful study of the brief of evidence, reached the conclusion that there was sufficient testimony to warrant a finding that accused forged, and did not merely utter, the instrument in question. There was ample proof as to the uttering, and it further appeared that the accused received the fruits of the forgery and gave a false account of his connection with the transaction; also that, a short time before money was paid upon the forged instrument to his agent, he was seen in an office or room belonging to the company, inspecting printed blanks exactly like that upon which the forged instrument was made out; that soon thereafter he scrutinized

and examined genuine instruments of the same character which had been filled out by the company's weigher, and that very soon after he did so the forged instrument was presented for payment, having upon its face figures identical with those appearing in some of the genuine instruments which the accused had examined. Whether mere evidence of uttering would or not be sufficient in a given instance to establish a forgery, there is much more in the present case to show that the accused himself actually made the false and fraudulent instrument. Indeed, taking the evidence as a whole, it points to him as the guilty party with almost unerring certainty, and indicates that it was hardly possible for any other person than himself to have committed the forgery.

The record discloses no sufficient reason for ordering a new trial in this case.

*Judgment affirmed. All the Justices concurring.*