18882. BYRD *et al.* v. RIGGS, administrator, *et al.*

494

W. C. Hawkins, Francis W. Allen, for plaintiffs in error.

George M. Johnston, Fred T. Lanier & Robert S. Lanier, Lanier & Lanier, contra.

ALMAND, Justice. Mrs. LeRoy Byrd and eleven other persons, alleging themselves to be heirs at law of Mrs. Ida Boyd, who died on May 26, 1951, brought a petition in the Court of Ordinary of Bulloch County, seeking to vacate an order entered in that court on July 22, 1952, probating in solemn form the purported will of Mrs. Boyd dated April 7, 1949, and granting letters of administration with the will annexed to the defendant, Gordon Riggs. It was asserted that said order should be revoked for three reasons: first, because the petitioners, as heirs at law, had received no notice of the petition to probate in solemn form as required by law; second, that the Ordinary of Bulloch County was disqualified from presiding in said probate proceeding because he was related within the sixth degree to Gordon Riggs, the propounder, and third, because Mrs. Boyd executed a will dated March 3, 1950, which expressly revoked all other wills. This last ground was stricken by the petitioners. A rule nisi was issued, requiring Riggs to show cause why the order probating the will and appointing him administrator with the will annexed should not be revoked. After a hearing before the Judge of the City Court of Statesboro, presiding as Ordinary of Bulloch County, an order was entered revoking probate of said will as entered on July 22, 1952, only as to five of the petitioners, to wit, Mrs. Lucille Lee, Dewie Hendrix, Mack Williams, E. C. Moseley, and Loyd Barnes, and directing that the last-named five persons be served with notice to probate the will in solemn form. On appeal the matter was heard by the judge of the superior court, the parties having waived a jury trial, and an order was entered sustaining the judgment complained of. The petitioners' motion for a new trial being denied, the case is here on a writ of error complaining of the judgment denying such motion.

This is the fifth appearance in this court of litigation involving probate of the will of Mrs. Ida Boyd (*Byrd* v. *Riggs,* 209 *Ga.* 59, 70 S. E. 2d 755; *Byrd* v. *Riggs,* 209 *Ga.* 930, 76 S. E. 2d 774; *Bird* v. *Riggs,* 210 *Ga.* 297, 79 S. E. 2d 803; *Byrd* v. *Riggs,* 210 *Ga.* 473, 80 S. E. 2d 785); but none of the rulings in those cases is conclusive upon the questions here raised, nor were Mrs. Lucille Lee, Dewie Hendrix, Mack Williams, or Loyd Barnes parties to any of these previous proceedings.

■ It is insisted that the order of the court of ordinary of July 22, 1952, probating the will of Mrs. Boyd, is void, for the reason that F. L. Williams, the Ordinary of Bulloch County, was disqualified by reason of his relationship to Gordon Riggs. It appears from the evidence that seven of the petitioners in the instant proceeding filed a caveat to the petition to probate the will of Mrs. Boyd, and participated in the proceedings before the ordinary, and there is abundant evidence in the record, though conflicting, that these seven petitioners, alleging themselves to be heirs at law of Mrs. Boyd, expressly waived the disqualification of the ordinary, Williams, and agreed that he could preside in such proceedings. Under this conflicting evidence, the judge was fully authorized to find that, in so far as these seven petitioners are concerned, they had waived the disqualification of the ordinary. The provision of Code § 24-102, that no ordinary may preside in any case or matter when he is related by affinity or consanguinity to any party interested in the result of the case within the sixth degree, may be waived, and such waiver need not be in writing. *Shope* v. *State,* 106 *Ga.* 226 (3) (32 S. E. 140). The evidence authorized a finding that these seven petitioners had waived the disqualification of the ordinary. Of course, this waiver did not bind the remaining five petitioners, who were heirs at law of the testatrix and were not parties to the probate proceedings.

■ The only remaining question is whether the court erred in failing to revoke the order of July 22, 1952, as to all of the heirs of Mrs. Boyd, and in revoking the probate only as to the five named heirs, the evidence being undisputed that such five persons had never received any notice to probate the will as provided in Code §§ 113-602, 113-607, and had not in any manner participated in such proceedings. It is insisted by counsel for

the petitioners in the instant case that the judgment rendered should have been one revoking the order in toto, and that there cannot be a revocation as to some parties and not as to others.

We have found no reported case in this State which deals with this particular question. In *Speer* v. *Speer,* 74 *Ga.* 179 (1), it was held that an application to revoke and set aside the probate of a will in solemn form, by one who had been served or was a party to the proceeding to admit the will to probate, should have been made within three years from the rendering of the judgment sought to be vacated, but that case did not involve the question of revocation in part. In *Davis* v. *Albritton,* 127 *Ga.* 517 (56 S. E. 514, 8 L. R. A. (NS) 820, 119 Am. St. R. 352), an heir at law sought by a direct proceeding in the court of ordinary to revoke the probate of a will in solemn form, on the grounds: (1) that the court was without jurisdiction of the person or property of the deceased, (2) that she was not legally served with a notice of the proceedings for probate, and (3) fraud in the procurement of the judgment. It was there held that such probate judgment may be vacated in a proper proceeding instituted for that purpose in the court which rendered the judgment, as to the facts necessary to give the court jurisdiction, on the ground of fraudulent misrepresentation of such facts by the party obtaining the judgment; and that, if it could be shown that the necessary jurisdictional facts did not exist, the judgment will be vacated notwithstanding it may recite that they did exist. In *Knowles* v. *Knowles,* 132 *Ga.* 806 (65 S. E. 128), it was held that the judgment of the court of ordinary admitting a will to probate in solemn form is conclusive upon all parties served that the paper propounded is the last will and testament of the maker, and thereafter the title that parties may take thereunder cannot be revoked except in a direct proceeding before the court.

Code § 113-602, supra, provides that "Probate by the witnesses, or probate in solemn form, is the proving of the will, after due notice to all the heirs at law," by the witnesses in life or within the jurisdiction of the court, or by proof of their signatures and that of the testator, if the witnesses are dead or inaccessible; and that such probate "is conclusive upon all the parties notified." Code § 113-607, supra, provides that notice of the petition for probate in solemn form shall be personal if

the party resides in the State. There is no question but that the judgment of probate in solemn form in this case was binding on the seven heirs at law who participated by the filing of a caveat in the proceedings in the court of ordinary for probating the will executed by the testatrix in 1949. It is likewise certain that the five petitioners who are heirs at law and were not served, and who did not participate in the former proceedings, are not bound by such judgment of probate. *Foster* v. *Foster*, 207 *Ga.* 519 (3) (63 S. E. 2d 318). There is no statutory provision in this State which authorizes a judgment of probate in solemn form to be revoked as to some heirs at law and not revoked as to others. Since the judgment of probate is an entire judgment, it cannot be revoked merely in part. See McArthur *v.* Scott, 113 U. S. 340 (5 Sup. Ct. 652, 28 L. ed. 1015); Bradford *v.* Andrews, 20 Ohio St. 208; Wells *v.* Wells, 144 Mo. 198 (45 S. W. 1095). In our opinion, the court in the instant case should have revoked the probate in solemn form as to all the parties, and not merely as to those five heirs at law who were not parties to the former proceedings. If this were not the correct procedure, the following example illustrates how an anomalous situation could arise: suppose that the five heirs at law who are not bound by the first probate succeed in defeating the probate of the will on the application to probate the will as to them on the ground of mental incapacity of the testatrix, there would be a judgment probating the first will, which would be binding on the seven other heirs at law, and the judgment refusing to probate would be effective only as to the five heirs at law. In *Byrd* v. *Riggs*, 209 *Ga.* 930, supra, we held that, before one who had filed a caveat to the probate of a will in solemn form could attempt to probate a later will, the judgment of probate of the first will would have to be set aside. We take that ruling to mean that the judgment of probate, as to all parties, must be set aside.

The court erred in revoking the probate of the alleged will in solemn form as to only the five named heirs at law, but should have entered an order revoking the probate as a whole.

*Judgment reversed. All the Justices concur.*