DAFT v. JOHN AND ELIZABETH WHITELEY FOUNDATION.

1. WILLS—HEIRS.
   A petitioner to have a will admitted to probate must state the names and addresses of heirs only "if known" (CL 1948, § 702-.21).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 841.
[2] 57 Am Jur, Wills § 837.
[3] 57 Am Jur, Wills §§ 839, 844.
[4] 57 Am Jur, Wills §§ 839, 961, 962.

2. SAME—SERVICE OF NOTICE ON INTERESTED PERSONS.

Service by registered or certified mail upon persons interested in the estate of a decedent whose will is sought to be probated, may be dispensed with whenever the names or addresses of such interested persons are unknown and cannot be ascertained by the exercise of reasonable diligence (CLS 1956, § 701.32; CL 1948, § 702.21).

3. SAME—INTERESTED PERSONS—DILIGENCE.

The diligence to be exercised by one petitioning for probate of a will in ascertaining who are persons interested in the estate and the whereabouts of such person is a matter for the satisfaction of the probate judge and, while a timely challenge as to whether or not it has been exercised will have to be met, the petitioner does not have to meet it in advance in affidavit form (CLS 1956, §§ 701.32, 701.35; CL 1948, § 702.21).

4. SAME—SETTING ASIDE PROBATE COURT ORDERS—EVIDENCE.

Findings of probate judge that all interested persons had been notified of petition to probate decedent's will and that there were no known heirs-at-law will not be assumed to have been without proper evidentiary support, in suit to set probate court orders aside because of lack of jurisdiction, where no appeal was prosecuted to ultimate determination, as plaintiffs, claimed heirs who appeared after estate had been closed, had an adequate remedy at law (CLS 1956, §§ 701.32, 701.35; CL 1948, § 702.21).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted January 12, 1961. (Docket No. 75, Calendar No. 48,702.) Decided April 26, 1961.

Bill by Kittie Daft, Hazel Pratt, Ruby Ribby, and Eunice Hodges, on behalf of themselves and others similarly situated, against the John and Elizabeth Whiteley Foundation, a Michigan nonprofit corporation, with Robert L. Drake, Ingham county judge of probate added as party defendant, to nullify all probate court orders entered in the estate of Nellie M. Zimmerman, deceased. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Henry Clay Campbell*, for plaintiffs.

*Hubbard, Fox, Thomas & Born*, for defendants.

Smith, J. This case involves the estate of Nellie M. Zimmerman, a resident of Lansing, who passed away on May 3, 1956. Her last will and testament provided, in part, as follows:

"I further declare that I have no children or issue thereof surviving me and further that I have no relatives other than cousins of various degrees, all of whom I hereby specifically disinherit."

The person nominated as executor filed a petition praying that the said will be admitted to probate. This petition stated:

"I further represent that the names, relationship, ages and residences of the devisees, legatees and heirs-at-law of said deceased are as follows:

"Cousins of various degrees only, all of whom are unknown to the petitioner and all of whom are specifically disinherited in will.

"Last will names the John and Elizabeth Whiteley Foundation as sole beneficiary—which foundation has been and is now duly incorporated under the laws of the State of Michigan."

Upon consideration of this petition the court, on May 3, 1956, entered an order of publication requiring that public notice "be given by publication of a copy of this order for 3 successive weeks previous to said day of hearing, in the Ingham County News, a newspaper printed and circulated in said county and that the petitioner in said estate give known interested parties additional notice as required by law."

Subsequently a hearing upon claims and for determination of heirs was held, as a result of which it was determined as follows:

"This day having been appointed for a determination of the heirs-at-law of the deceased and for the examination and adjustment of all claims and demands against said deceased, and due notice thereof

having been given as required by law, the executor of said estate appeared, and upon hearing the proofs taken thereon, the court finds and determines that there are no known heirs-at-law of said deceased."

Thereafter, and in due course, orders allowing final account and assigning residue were entered, and, on February 10, 1958, the administrator *de bonis non* with will annexed (the executor having died) was discharged.

We thus approach the issue. The appellants presented themselves for the first time in the following month, March of 1958, and filed a petition in the probate court stating that they were heirs-at-law of Nellie M. Zimmerman, that they had had no notice of the probate proceedings, that the court "lacked jurisdiction" because the "file and record, upon its face, fails to show that the names and addresses of petitioners and others in their class could not be ascertained by the exercise of reasonable diligence, and in fact said file and record, upon its face, shows a lack of any diligence or effort of any kind to locate heirs-at-law," and prayed that an order be entered setting aside all decrees and orders theretofore entered in the cause.

These allegations having been controverted by appellees, the probate court denied the relief prayed, primarily upon the ground that it was a court of limited jurisdiction, and that its statutory authority in setting aside orders was limited "to cases in which a petition is filed within 3 months of the entering or making of the order in question." Appeal to the circuit followed, appellees appearing specially and moving to dismiss. Such motion was granted upon the ground that the orders admitting will to probate, and determining heirs, were not appealed within the statutory term. As for appellants' assertion that the orders entered subsequent to the admission of the will to probate were "not in accordance with the

law and just rights of said appellants," the trial court held that the grounds therefor were not set forth with requisite certainty and particularity and allowed appellants 10 days for amendment thereof.

Such amendment, however, was not made. Rather, appellants dismissed their appeal and filed a petition for order to show cause why writ of mandamus should not issue requiring the probate judge to set aside the order admitting the will to probate and all subsequent orders. Upon hearing, such petition was dismissed and application for leave to appeal filed with this Court. Subsequent to our denial thereof appellants filed the bill of complaint in the case at bar. It sets forth, substantially, the same claims as formerly made and asserted in the application for leave to appeal, namely, that the probate orders hereinabove referred to were null and void because of "want of jurisdiction of the probate court over the person of the heirs-at-law of Nellie M. Zimmerman, deceased," coupled with a prayer that they be so declared. Motion to dismiss having been filed, the pretrial statement provided that such motion be considered at the trial on the merits. Apparently, however, decision was made to hear arguments upon the motion alone, it being granted, on February 16, 1960, upon the grounds that the probate court had jurisdiction and that appellants had an adequate remedy at law.

The legal point is extremely narrow. For purposes of clarity it should be observed that, although it involves, generally, the question of notice to heirs, it does not involve the ancient controversy as to whether they should be notified at all.[1] Despite the fact that in many States wills may be probated without the necessity for notice to the heirs-at-law or other interested parties, it being a proceeding *in rem,*

---

[1] See Levy, Probate in Common Form in the United States: The Problem of Notice in Probate Proceedings, 1952 Wis L Rev 420.

not *in personam*, in others, including Michigan, the governing statutes require some sort of notice.[2] The problem of notice to the "unknown" heirs, however, those of the family who have left the testator's presence and knowledge, and whose whereabouts are unknown, is a sizeable one. Should personal service upon such be required, the administration of the assets of a deceased would be a lengthy if not impossible process. It is provided, therefore, that, in a petition that a will be admitted to probate, the petitioner must state the names and addresses of heirs only "if known."[3] Furthermore, as to service upon such unknown persons it is provided[4] as follows:

"Such service by registered or certified mail may be dispensed with whenever the names or addresses of such interested persons are unknown and cannot be ascertained by the exercise of reasonable diligence."

The statute, it will be noted, does not require the recitation by affidavit, or otherwise, of the acts amounting to the exercise of reasonable diligence. Nor does the provision prescribing what is commonly known as the printer's affidavit[5] which, on its face, refers merely to the situation where the "address" of some person, obviously known and entitled to service, is unknown. Whatever the steps constituting reasonable diligence may be, they will vary, with the circumstances, from case to case. There is no requirement that they be proved in affidavit form. As a matter of fact, appellants make no charge that reasonable diligence was not exercised. Their point is much narrower. They assert that

---

[2] Simes, The Administration of a Decedent's Estate As a Proceeding in Rem, 43 Mich L Rev 675.

[3] CL 1948, § 702.21 (Stat Ann 1943 Rev § 27.3178 [91]).

[4] CLS 1956, § 701.32 (Stat Ann 1959 Cum Supp § 27.3178 [32]).

[5] CLS 1956, § 701.35 (Stat Ann 1959 Cum Supp § 27.3178 [35]).

the files do not show it. The answer is that the statutes make no such requirement. The diligence exercised is a matter for the satisfaction of the probate judge. If challenged (and it has not yet been), and the challenge is timely, the proponent will have to meet it, but he will not have to meet it in advance in affidavit form. We observe moreover, in the record, findings by the probate judge, on the probate of the will, that all interested persons had been duly notified, and, in addition, on the determination of heirs, that upon proofs taken after due notice, there were no known heirs-at-law. We cannot assume that the testimony on these findings was insufficient, nor does the appellant make any such claim. There was jurisdiction over both the subject matter and the person, and, as the trial chancellor properly held, if appellants were aggrieved they "had an adequate remedy at law, and are not now in a legal position to complain in equity."

Decree affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.