Ferdinand Vogel, Petitioner-Appellant, v. Harold A. Katz, Executor of the Last Will and Testament of Selma Fischer, Deceased, and American Heart Association, a New York Not for Profit Corporation, Respondents-Appellees.

Gen. No. 49,488.

First District, Fourth Division.

September 24, 1965.

Modified opinion November 12, 1965.

▮

Hoellen, Willens & Manilow, of Chicago (Sherwin Willens and Arline Rusin, of counsel), for appellant.

Joseph Minsky & Samuel K. Weiner, of Chicago (Joseph Minsky, of counsel), for Harold A. Katz, executor of the last will and testament of Selma Fischer, deceased, appellee; Nygren & Holloway, of Chicago, for American Heart Association, beneficiary under last will and testament of Selma Fischer, deceased, appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court as modified on rehearing.

Ferdinand Vogel, as brother and sole heir of Selma Fischer, deceased, filed a petition to set aside the order admitting her will to probate, on the ground that he had not been given legal notice of the hearing thereon. After a hearing on Vogel's petition, the executor moved for its dismissal at the close of the petitioner's case, the motion was allowed, and the petition was dismissed. This appeal followed.

In arguing for affirmance the executor takes the position that all necessary notice was given to petitioner by publication in accordance with Sections 63 and 64 of the Probate Act.[1] Ill Rev Stats 1961, c 3, §§ 63, 64. The

---

[1] The pertinent parts of those sections read:
§ 63.   Petition to Admit Will to Probate.
Any person desiring to have a will admitted to probate shall file a verified petition therefor in the probate court of the proper

executor's verified petition to admit the will to probate lists Vogel as both an heir and a legatee. (In the will he was described as decedent's brother and was left a bequest of one dollar.) In the petition form where indication is made for showing addresses of such persons, the heading reads, "Post-office address (If unknown, so state)." Thereunder the petition states as to Vogel, "New York City." No notice of the hearing on the petition was mailed to Vogel.

It is Vogel's contention (1) that there was insufficient compliance with Sections 63 and 64 of the Probate Act; (2) that Section 5 of that act incorporates into its notice procedure the requirements of Section 14 of the Civil Practice Act and Section 9 of the Notices Act (Ill Rev Stats c 110, § 14; c 100, § 9) concerning an affidavit as to diligent inquiry prior to publication; and (3) that if such diligent inquiry is not required by the Probate Act, then it is violative of petitioner's constitutional right to due process. Since our determination of the first point disposes of the appeal, we do not reach the other two questions.

The record discloses that all facts necessary to this decision are beyond dispute. In commenting on the

county. The petition shall state, if known: . . . (4) the names and post office addresses of all heirs, devisees, and legatees of the testator and whether any of them is a minor; . . .

§ 64. Mailing of Copy of Petition—Notice by Publication.

Not less than 20 days before the hearing on the Petition to admit the will to probate, the clerk of the probate court shall send by mail a copy of the petition to each of the testator's heirs, devisees and legatees whose name and post office address are stated in the petition . . . . It is the duty of the clerk to endorse the time and place of the hearing on each copy of the petition mailed by him. If the name or post office address of any heir, devisee or legatee is not stated in the petition and in all cases where the will is sought to be admitted to probate upon a presumption of death, the clerk shall publish a notice of the hearing on the petition once a week for three successive weeks, the first publication to be not less than 30 days before the hearing.

evidence at the time of rendering his decision, the trial judge recounted and relied upon the same facts and also noted that they were undisputed.

As mentioned above, the petition of the executor for admission of the will to probate listed for Vogel the post-office address "New York City." While this address did not include street number, zone number, nor state, it was, nevertheless, an address. It was not shown to be "unknown" in accordance with the alternative indicated by the printed form of petition which had been prepared in implementation of the statute. The terms of Section 64 of the Probate Act make it mandatory upon the clerk to mail a copy of the petition to each person listed, at the address stated for him in the petition. It gives no discretion to the clerk to decide which of such persons he will mail notices to and which he will not. Nor may he decide (it being only speculation that he might have so decided) that any particular address stated is inaccurate or incomplete. If the post-office fails to make delivery for those or any other reasons there would, nevertheless, have been a compliance with the statute. Without a mailing in this situation there is no compliance, and this failure cannot be cured through notice by publication.

It is our belief, moreover, that on the facts of this case the statute required a more complete listing in the petition for probate and, in consequence, a mailing to Vogel at an address which included street and number. Although a Chicago relative of decedent appeared to have known Vogel's whereabouts, the executor testified that when he signed the petition for probate the only address he had for Vogel was "New York City." He did not consult the New York City telephone book for Vogel's address; [2] he

---

[2] In Sunga v. Lee, 13 Ill App2d 76, 84, 141 NE2d 63, this court said: "We take judicial notice of the fact that within a few blocks of plaintiff's lawyer's office, the Illinois Bell Telephone Company maintains an out-of-town directory service containing for the use of the general public the telephone directories of all the major

130

█

did not ask attorney Hoellen for it, though he had talked to him frequently concerning proof of heirship;[3] he did not attempt to communicate with Vogel direct by either phone or mail. In short, as testified by the executor: "I did not undertake any independent search. . . . I did not know his address, and so I sought to follow the procedure of notifying someone where you do not know their address, which I understand to be by publication."

█ That is still the position taken by the executor in this court, namely; that the statute required him to state the address of Vogel as heir and legatee "if known"; that he didn't know it, and was under no obligation to make any effort whatsoever to ascertain it. We cannot concur in this view as it would defeat the basic scheme of the Probate Act, which is to notify the heirs (who would take an intestate decedent's property) that a will is going to be presented for probate at a particular time and place so that they may appear if they so desire. Without this notice the court does not acquire jurisdiction, and the entire probate proceeding falls as to such unnotified heir. Ill Rev Stats c 3, §§ 63, 64, and 64b. The notice provided by statute must be given unless expressly waived, and it is on the strength of this notice requirement that the statute fixes the limited time for filing a will contest as commencing with admission of the will to probate. Ill Rev Stats c 3, § 90.

█ The executor argues, in effect, that since Vogel had actual knowledge that his sister had died and that she had left a will, it was, therefore, up to Vogel to com-

---

cities of the world. The availability of this service is stated in its telephone directory."

The record shows that Vogel's name and both his office and residence addresses have been listed in the New York City telephone directory for many years.

[3] Hoellen represents Vogel. At that time he was representing Jack Tausz, an uncle of decedent, and had written to the executor stating that on the information available to him he did not believe that Vogel was decedent's brother.

municate with him. This contention ignores the direction contained in the statute as a prerequisite to jurisdiction. The burden of notice is upon the executor, or other petitioner for letters, not upon the heirs. Floto v. Floto, 213 Ill 438, 442, 72 NE 1092.

■ The addresses which the executor did list in his petition for probate were based on information which he obtained by inquiry after Mrs. Fischer's death, as he had not been acquainted with the decedent until shortly before her death. Decedent had given him the names but not the addresses of her relatives; and he was therefore without knowledge of their whereabouts at the time of her death. The logical extreme of the contention now made is that the statute would therefore have permitted him to proceed immediately with his petition, stating all addresses as unknown. This view would certainly produce generally unsatisfactory probate proceedings and, in our opinion, represents an unduly strict interpretation of the statute which is not in keeping with the legislative intent as disclosed either in the pertinent sections themselves or in the act taken as a whole. And, of course, it is from the entire statute that the intention of the legislature must be gleaned. People v. C. & N. W. Ry. Co., 11 Ill2d 99, 106, 142 NE2d 26.

■ Our conclusion is that a petitioner for probate may not thus rest on his unawareness of essential facts, but must make reasonable inquiry to ascertain the information called for by Section 63. Since that appears not to have been done in the instant case (so far as is disclosed by the evidence introduced on behalf of Vogel), the failure to mail notice cannot be cured by publication to "unknown heirs," and cannot, under those circumstances, be considered a compliance with Section 64. The effect of this failure is that the court would not have jurisdiction to proceed with probate in so far as it relates to Vogel. McGee v. Vandeventer, 326 Ill 425, 434, 158 NE 127. The order admitting the will to probate would,

132

therefore, be void as to him, and would have to be set aside on his petition unless the evidence now in the record were rebutted on complete hearing. Walker v. Cook, 294 Ill 294, 297, 128 NE 584.

Upon remand the direction of further proceedings will be guided by Section 64b of the Probate Act. That section states:

§ 64b. Omitted or Unnotified Heir, Devisee, or Legatee.

If it shall appear on the hearing of the petition to probate a will or after the admission of a will to probate that an heir, devisee, or legatee was omitted from the petition to admit the will to probate or, if included in the petition, that notice to him was not sent by mail or published as provided in Section 64 of this Act, and that no waiver of notice has been filed by the omitted or unnotified heir, devisee, or legatee, an amended petition shall be filed which shall include the omitted or unnotified heir, devisee, or legatee, and notice of the hearing thereon shall be sent by mail or published as provided in Section 64 of this Act, to the omitted or unnotified person and to all persons included in any prior petition. In the absence of objection by the omitted or unnotified person, evidence received at the hearing on the original petition to admit the will to probate shall constitute prima facie proof of the execution of the will at the hearing on the amended petition. An order admitting the will to probate on an amended petition shall be effective as to the omitted or unnotified person as of the date of its entry, but the original order admitting the will to probate shall be effective as to all other persons including creditors as of the date of its entry.

The declaration of heirship will also require further attention. As we have mentioned, the petition for probate

listed as the heirs of decedent, her brother, three cousins and an uncle. ' (A brother would, of course, be an heir to the exclusion of cousins and uncles.) Be that as it may, the petition with these five names and their relationships was before the court at the hearing on proof of heirship. Counsel for the executor was present and Jack Tausz, the uncle, supplied the testimony. Questions were asked which established that decedent had been married; that her husband had predeceased her; and that no children had been born or adopted. At that point, with no objection from counsel, the court made the following declaration of heirship:

> Unknown heir or heirs at law, if any, if living, whose name or names, address or addresses are unknown and upon due and diligent search and inquiry have not been ascertained.

The finding as to diligent search and inquiry is of interest as demonstrating the trial court's concurrence (at that point) with our interpretation of Section 63. It might also be noted that there was absolutely no testimony to support the finding.

Puzzling, however, is the fact that no questions were asked by the court or either counsel which would have elicited the fact that decedent left any known heirs. The names of the relatives on the petition (including that of the brother) were stricken in ink (apparently by the court) and the term "Unknown heirs" was written across the face of the petition. There should be further proceedings to ascertain the heir or heirs, and the declaration of heirship should then be amended. We make no indication as to what the finding of heirship should be, as it must abide the proof.

The order dismissing Vogel's petition is reversed. The cause is remanded with directions to set aside the order admitting to probate the will of Selma Fischer in so far as that order has any effect as to Vogel; and for such

134

further proceedings as shall not be inconsistent with this opinion.

Reversed and remanded with directions.

McCORMICK, P. J. and DRUCKER, J., concur.