## 30370. OAKLEY v. ANDERSON et al.

HALL, Justice.

The sole issue before the court in this injunction suit is whether the probate in solemn form of the will of Emily Stevenson Feely should be set aside for the reason that the heirs-at-law of testatrix were not properly served in the probate proceeding as required by Code Ann. §§ 113-602 and 113-607. Under those sections, heirs-at-law are entitled to personal service "if the party resides in the State, and is known" (Code Ann. § 113-607); and, failing proper service, an heir-at-law is not bound by an order of solemn form probate. *Souter v. Carnes,* 229 Ga. 220 (190 SE2d 69) (1972); *Foster v. Foster,* 207 Ga. 519 (63 SE2d 318) (1950). See generally, 1 Redfearn, Wills and Administration in Georgia, § 118 (3d Ed. 1965).

The will was offered for probate by Oakley, (hereinafter sometimes called "Propounder") who was not the executrix named therein and not an heir-at-law. See Code Ann. § 113-614. In her application for probate Oakley included the straightforward statements that the heirs-at-law were "unknown to petitioner," and that, "the person named in said will as Executrix has failed and refused to qualify for more than two and one half years

and thereby forfeited her right to administer this estate under Georgia Code Section 113-1227. Petitioner is a granddaughter of decedent's deceased husband and does not know what heirs-at-law may be alive." The heirs-at-law were subsequently served by publication, and the will was admitted to probate in solemn form. The will named numerous persons as beneficiaries, but did not denote a family relationship with them. It subsequently developed that the heirs-at-law numbered some nine first cousins and an uncle, most of whom were not named in the will. No personal service had ever been made or attempted upon them. Litigation over the administration, not relevant here, occurred. See *Anderson v. Oakley,* 133 Ga. App. 758 (212 SE2d 875) (1975).

Oakley was subsequently appointed temporary administratrix. The present lawsuit was then brought by two heirs-at-law who are Georgia residents—Anderson (a will beneficiary) and Rhodenhiser (not a beneficiary), sometimes referred to collectively herein as "Opponents." Among other claims they asserted that the will should not have been probated because of the defective notice to the heirs-at-law. Opponents asked that the probate order be canceled and Oakley be enjoined from acting upon the appointment as temporary administratrix. All parties then moved for summary judgment on the issue of the probate of the will. Propounder now appeals the trial court's order granting Opponents' motion and ruling that the will was not entitled to be probated in solemn form.

The determinative issue is the interpretation to be given the words "known" and "unknown" in Code Ann. § 113-607, in which it is provided that known heirs must be personally served in a solemn form probate proceeding, whereas those unknown may be served by publication. Propounder urges that the heirs-at-law are not "known" unless their identity is within the personal knowledge of Propounder; Opponents dispute this interpretation. The briefs before us cite little authority on this point.

There is no contention raised in this case that the notice required by the Georgia probate scheme is unconstitutional for any reason. It follows that the only notice requirement before us is provided by the terms of

the statute; and our inquiry is what the legislature may be thought to have meant by requiring personal service only for "known" heirs.

It is significant, we think, that the primary difference between probate in common form and that in solemn form is that the former may be done upon the testimony of a single subscribing witness without notice to anyone; whereas the latter, offering much greater conclusiveness, requires precisely the kind of notice to interested parties which was not achieved here. Compare, Code Ann. § 113-601 with Code Ann. § 113-602. Further, we note that the sole issue before the court on an application for probate in solemn form is devisavit vel non—whether the paper propounded is or is not the last will and testament of the deceased. *Thomas v. Roughton,* 227 Ga. 127, 129 (179 SE2d 62) (1971); *Shaw v. Fehn,* 196 Ga. 661, 665 (27 SE2d 406) (1943); 1 Redfearn, Wills and Administration in Georgia § 117 (3d Ed. 1965). For such a determination to be fairly made, the heirs-at-law, whose interests are or may be adverse to the will, must have the opportunity to challenge the asserted will as spurious before they may be cut off by it. Notice by publication can hardly be thought reasonably to afford such an opportunity except as a last resort.

After considering the foregoing methods and goals of the probate proceeding, we conclude that the legislature undoubtedly meant that before a propounder might correctly state that heirs were "unknown," he must have exercised at least some reasonable diligence in ascertaining the heirs, and may not simply rely upon his personal knowledge without reasonable inquiry. This conclusion seems particularly appropriate in light of the fact that under Code Ann. § 113-614 upon default of the named executor "any person interested" may offer the will for probate. This section differs markedly from Code Ann. § 113-1202 governing who may be granted letters of administration and setting forth requirements for preference first for the surviving spouse, and then for next of kin, etc. No such order of preference is established for a propounder; and thus an entire stranger to deceased's family could propound a will, and, if ignorant of the identities of the heirs-at-law, could without inquiry of any

kind serve the heirs by publication and conclude their rights. We do not think such a result was intended.

Our decision that some "reasonable diligence" must be exercised to ascertain the heirs-at-law is consistent with the approach of certain of our sister states. E.g., Vogel v. Katz, 64 Ill. App. 2d 126 (212 NE2d 295) (1965); Daft v. John & Elizabeth Whiteley Foundation, 363 Mich. 6 (108 NW2d 893) (1961). This is also the requirement of the Uniform Probate Code (not adopted in Georgia) which in § 1-401 (a) (3) requires "reasonable diligence" to learn identities and addresses of those entitled to notice.

The question whether this record shows that Propounder exercised reasonable diligence in ascertaining whether the heir-at-law relationship existed with anyone before concluding that the heirs-at-law were unknown and serving them by publication, must be answered negatively. Opponents' evidence shows that both are lifelong residents of Georgia, and shows them to have been in reasonably frequent contact with testatrix; to have exchanged many visits with her; and to have enjoyed a normal familial relationship with her which should not have been in any way hidden or difficult to ascertain. They were to some extent known to testatrix's neighbors and to medical personnel who attended her, as well as being known to the other relatives. This was a reasonably large family with a sense of tradition. Propounder's evidence of her efforts shows only that she was not personally aware of any heirs-at-law, and that her attorney's effort to request this information from Anderson's attorney (Anderson was named executrix in the will) came to nothing, presumably because Anderson failed to cooperate.

It is not necessary in this opinion to answer the question "what is reasonable diligence?" Indeed, the answer must be different on different facts. It suffices to decide this case that Oakley's efforts as a matter of law failed to meet this standard, and the trial court did not err in so ruling. Accord, Vogel v. Katz, 64 Ill. App. 2d 126, supra. We note additionally in response to Oakley's argument that for one who is disappointed in the failure of a named executor to probate a will, the law does provide remedies in the nature of contempt as a possible

alternative to those which Oakley sought to invoke. See Code Ann. §§ 113-610, 113-615, 24-2114; *Hadden v. Stevens,* 181 Ga. 165 (181 SE 767) (1935).

It follows that Opponents were not shown to have been properly served, and therefore the probate is void as to them. *Souter v. Carnes,* supra; *Foster v. Foster,* supra. "There is no statutory provision in this state which authorizes a judgment or probate in solemn form to be revoked as to some heirs-at-law and not revoked as to others. Since the judgment of probate is an entire judgment, it cannot be revoked merely in part." *Byrd v. Riggs,* 211 Ga. 493, 497 (86 SE2d 285) (1955). The probate order is totally void.

The trial court correctly granted the motion of Opponents for summary judgment on the probate issue. Oakley did not obtain a certificate for immediate review of the denial of her motion for summary judgment; however, it is obvious from our ruling that the same would have to be denied.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Hill, J., who dissents.*

ARGUED OCTOBER 14, 1975 — DECIDED NOVEMBER 24, 1975.

*Dodd, Driver, McClatchey & Connell, Eugene H. Driver, Jr., Ellwood F. Oakley, III,* for appellant.

*Pye, Groover & Pye, Tom Pye, Durwood T. Pye,* for appellees.

HILL, Justice, dissenting.

Although I concur in the "reasonable diligence" test, I respectfully dissent from the judgment affirming the grant of summary judgment in favor of the Opponents. In my view, the Opponents did not carry the burden on movants of showing that Propounder did not exercise "reasonable diligence." Propounder's attorney requested information from Anderson's attorney as to the identity of any heirs-at-law. Having failed to furnish the requested information, Anderson in effect contends here that Propounder should have requested such information from

testatrix's neighbors and medical personnel. However, Anderson does not show on this record that testatrix's neighbors or medical personnel knew that Anderson was related to testatrix.

By affidavit, Anderson states that testatrix spent the last six months of her life in a nursing home where she received care and attention from Anderson. However, Anderson does not show that Propounder had knowledge of the nursing home and does not show that inquiry at the nursing home would have shown Anderson or anyone else to be listed or known as a relative of testatrix.

In my view it cannot be said that there were no genuine issues as to any material facts and that movants were entitled to judgment as a matter of law. I therefore respectfully dissent.