38387. STAVROU v. PLEGER et al.
38389. PLEGER v. STAVROU et al.

MARSHALL, Justice.

Propounder-Pleger had the will of Matthew Stephens (nee Stavrou) probated in solemn form in probate court. The principal beneficiary was the widow, Ana Megouli Stephens. A legitimate son of the testator by a former marriage, Steve Stavrou, filed a caveat, and appealed the probate of the will to superior court. Notified in probate court but not then responding, were two other legitimate children (Steve's sister, Zoi June Stavrou, and their half brother, George Stephens) and two children of the testator by a married mistress: Andrew and Richard Lee Griffin. All of the children were permitted to intervene as caveators. The jury found on a special verdict form that the two Griffins were children of the testator, and found for the will, as against the defense of monomania. Caveator-Stavrou appeals from the judgment on the verdict. Propounder-Pleger cross-appeals, contending that the trial court abused its discretion in denying his motion to dismiss caveator-Stavrou's (main) appeal on the ground of unreasonable delay in docketing the transcript.

1. In Case No. 38389, the cross-appellant urges as grounds for dismissal that the appellant-caveator had failed to notify him of 30- and 60-day extensions for the preparation of the transcript, had delayed an additional 28 days after the reporter was ready before remitting the required deposit, and had failed to file for a third extension of time before the termination of his second extension, as required by Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21). It is alleged that this delay was harmful by precipitating a settlement on terms not warranted by a continuing appeal, and by impairing the proper administration of the estate pending the excessive duration of the

will contest.

Our law encourages punctuality, but disfavors discretionary dismissal of appeals by trial courts for delay in filing transcripts unless the delay is inexcusable, unreasonable, and caused by the appellant; the general policy of the law is to provide for relief against the penalties imposed for a lack of the virtue of punctuality when the interests of truth and justice require it. *Gilland v. Leathers,* 141 Ga. App. 680 (234 SE2d 338) (1977) and cits.

In the present case, counsel was substituted for the appellant on appeal near the end of June, and the trial court granted timely extensions of time in which to file the transcript. The court reporter testified that he advised the parties in June that he was not ready to proceed because there were at least nine cases which had priority; that he did not recall giving the appellant's trial counsel any estimate at all for the expense of preparation of the transcript; and that the appellant's appellate counsel received his first estimate on August 24. The appellant, a New Jersey resident, was so notified by letter of his counsel dated August 24, and he mailed a check to his counsel which the court reporter received on September 16. The cross-appellant, though similarly notified, did not pay his deposit until late September. The court reporter testified that he was not delayed in the preparation of the transcript by reason of the time of the appellant's payment, and the trial judge commented that the parties had proceeded very promptly under the circumstances and the involved nature of the case. Furthermore, the cross-appellant proffered no evidence to support his claim of prejudice resulting from the delay.

The trial court did not abuse its discretion in denying the motion to dismiss the appeal.

2. In Case No. 38387, appellant-Stavrou contends that the superior court acted beyond its probate jurisdiction by submitting the issue of the paternity of certain heirs at law (the Griffins) to the jury for determination. He points out that "the sole issue before the court on an application for probate in solemn form is devisavit vel non — whether the paper propounded is or is not the last will and testament of the deceased." *Oakley v. Anderson,* 235 Ga. 607, 609 (221 SE2d 31) (1975) and cits.

Even if the trial court's action was error, the appellant-caveator waived this objection by urging the interventions, approving in writing the pre-trial order incorporating this issue, and failing to object until after the concluding arguments. Furthermore, the evidence demanded the verdict in favor of the probate of the will.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1982 —
REHEARING DENIED JUNE 2, 1982.

*Grady C. Pittard, Jr., Henry & Marshall, J. Hue Henry,* for appellant (case no. 38387).

*Gary L. Pleger, Thomas A. Nash, Jr.,* for appellees (case no. 38387).

*Gary L. Pleger, David W. Rowan,* for appellant (case no. 38389).

*J. Hue Henry, Thomas A. Nash, Grady Pittard,* for appellees (case no. 38389).