*In re* ESTATE OF ARVILLA S. STANFORD, Deceased (Carole Miller, Petitioner-Appellee, v. Evelyn Bissey, as Ex'r of the Estate of Arvilla S. Stanford, Deceased, *et al.*, Respondents-Appellants (Shirley Rathburn *et al.*, Petitioners; H. Carroll Bayler *et al.*, Appellants)).

Fifth District   No. 5—89—0450

Opinion filed November 5, 1991.

H. Carroll Bayler, of Louisville, and Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellant Evelyn Bissey.

James B. Wham, of Wham & Wham, of Centralia, for appellant Clay City Banking Company.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Nancy G. Lischer, and Mark D. Bauman, of counsel), for appellant H. Carroll Bayler.

Smith, McCollum & Riggle, of Flora, and Croegaert, Clark & Hough, Ltd., of Olney (Patrick L. Duke and Paul A. Croegaert, of counsel), for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This cause comes on for appeal from the judgment of the circuit court of Clay County wherein the court determined that it lacked personal jurisdiction over one of the heirs, Carole Miller; vacated all orders entered following the admittance of Arvilla S. Stanford's (the decedent's) will to probate; and reopened the estate for probate. The court found that the notice requirements of section 6—10(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 6—10(a)), regarding informing the heirs and legatees of their right to require formal proof of the will and their right to contest the admission or denial of the will to probate, had not been given, thereby denying the court personal jurisdiction over these parties. Three separate appeals have been filed as a result of the court's order of May 22, 1989; one by the executrix, one by the attorney for the executrix, and one by executrix, the attorney for the executrix, and the trustee of the trust formed under the will. These separate appeals have been consolidated on appeal.

On appeal, the three appellants have each raised the primary issue of whether the court's order vacating the orders entered after the admittance of the will to probate and the issuance of the letters testamentary was proper. The resolution of this issue will essentially dispose of the executrix's and the trustee's appeals. However, the attorney for the executrix (Bayler) also raises the following issues on appeal: (1) whether the court's order reopening the estate must be vacated for failure to give notice of the petition filed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to the necessary parties; (2) whether discovery should have been conducted before the granting of the section 2—1401 petition rather than after; (3) whether an evidentiary hearing should have been conducted on the section 2—1401 petition; and (4) whether Bayler's due process rights were violated by the court and whether the court had jurisdiction to discipline him. We affirm the circuit court's judgment for the reasons set forth below.

Before considering the issues raised on appeal, a history of this case is necessary. Arvilla S. Stanford, the decedent, died testate on February 14, 1986. On May 9, 1986, a petition for probate of the decedent's will and a codicil to the will and for letters testamentary was filed with the court. In the petition for probate, the value of the estate was given and 74 heirs and legatees and their addresses were listed. In addition, the petition stated that there were unknown heirs at law. The will was admitted to probate, and letters testamentary were issued to Evelyn Bissey, the executrix named in the will and a legatee of the decedent, on May 12, 1986. No notice of the admittance of the will to probate or of the heirs' and legatees' rights under the statute were given to the heirs and legatees listed on the petition. A notice to the unknown heirs advising them of the admittance of the will to probate and of their rights under the statute (Ill. Rev. Stat. 1985, ch. 110½, pars. 6—21, 8—1) was published three times between May 14, 1986, and May 28, 1986. Three amendments to the petition for probate of the will, in which additional heirs were listed, were filed on November 19, 1986, May 18, 1987, and December 9, 1987. No notices to the additional heirs advising them of their rights pursuant to section 6—21 and section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, pars. 6—21, 8—1) were mailed to the new heirs listed in the amended petitions.

Subsequently, numerous petitions were filed and orders were entered by the court in this probate proceeding. These petitions and corresponding orders were as follows: (1) a current report filed on November 24, 1986, and approved by the court that same day (this report also asked for, and the court approved, a partial distribution of the estate and included a request for fees for the executrix and her attorney); (2) a petition filed on December 1, 1986, to grant possession of the real estate and an order granting the petition entered that same day; (3) a petition filed on April 29, 1987, by the trustee (who had received $183,000 pursuant to the order of November 24, 1986, to fund a trust allegedly established under the decedent's will) to invest funds and the court's order of that same date granting the petition; (4) a petition filed on December 8, 1987, to sell real estate and oil royalty interests at public auction and the court's order filed on April 13, 1988, allowing the sale, and a report of the sale of real estate filed on June 6, 1988, and approved by court order of that date; (5) an objection filed on September 8, 1988, by a purchaser of the real estate to the report of sale of the real estate because of irregularities in the sale, including failure to give notice, and an order entered on October 3, 1988, vacating the order approving the report of the sale of real

estate; (6) a motion filed by the executrix on October 3, 1988, asking the court to vacate the order approving the report of sale of the real estate and to allow the executrix to sell the real estate at private sale for the offers received, and the court's order of November 28, 1988, allowing the sale of the real estate pursuant to the recommendation of the executrix in her motion; (7) a final report by the executrix of the estate filed on December 6, 1988, in which the executrix asks for further fees for her and for her attorney and in which she asks the court to allow distribution of the remaining assets of the estate, and the court's order of December 21, 1988, approving the final report and allowing distribution; (8) a motion filed on December 28, 1988, asking for the court to amend an order which allowed the sale of an oil royalty interest, in order to increase the size of the interest, as the original petition to sell the interest was erroneous, and the court's order approving the change on the same date; and (9) the executrix's report of distribution filed on February 27, 1989, and the court's order of that date approving the distribution, discharging the executrix and closing the estate.

On March 3, 1989, after the closing of the estate, one of the heirs, Carole Miller (Miller) (along with other named petitioners), filed a petition and motion to vacate the court's order and "for relief from orders or judgments." In this petition, Miller took exception to six of the orders entered by the court, *i.e.*, the order closing the estate; the order amending pleadings entered on December 28, 1988; the order approving the final report; the order confirming the report of sale of the real estate and the oil royalty interests; the order approving partial distribution of the estate; and the order approving the current report of November 1986. In addition, Miller raised the issue of lack of notice pursuant to section 6—10. She also raised other irregularities in the probate proceedings.

Following a hearing on Miller's petition, the court entered an extensive order on May 22, 1989, in which the court determined that it did not have *in personam* jurisdiction over Miller. Because the court lacked personal jurisdiction over Miller, the court vacated all of the orders entered after May 12, 1986, when the decedent's will was admitted to probate and letters testamentary were issued, and the court reopened the estate. Also in the findings portion of the court's order, the court stated that Bayler's purchase of one of the oil royalty interests, for a consideration of less than $100, on the same day as the interest was initially conveyed to the purchaser, Hubert Rose, when the attorney knew the interest had an appraised value of over $13,000, made out a *prima facie* case of fraud *per se*. The court stated that it

was causing a copy of this order to be forwarded to the Attorney Registration and Disciplinary Commission (ARDC) for further investigation of the attorney's conduct. Post-trial motions were filed and denied, and the executrix, the attorney for the executrix, and the trustee filed timely notices of appeal.

On appeal, the first issue raised is that the court erroneously vacated the prior orders in the probate proceeding and that the court had no authority to reopen the estate. It is the appellants' position that the only order Miller was entitled to attack was the court's order of February 27, 1989, as notice was given on the previous petitions filed in the court, thereby giving the court jurisdiction for the entering of these orders, and as the court's previous orders, including the executrix's final report, were each final and appealable and more than 30 days had passed since the entry of the orders, Miller's challenge to these orders was untimely and the court lacked jurisdiction to vacate or modify these final orders. The appellants also contend that the court erred in reopening the estate since the final report was approved and the remainder of the estate was distributed; thus, there remained no newly discovered assets and there was no unsettled portion of the estate left to distribute. The appellants' briefs go into lengthy discussions of each of the orders entered by the court and the notice given on the petitions filed and give extensive analysis as to why the various vehicles for challenging the probate proceedings are inappropriate, *i.e.*, that section 24—9 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 24—9) is inappropriate to reopen the estate as all of the estate has been distributed and there is not any unsettled portion of the estate and there is not a newly discovered asset warranting reopening of the case; that section 2—1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203(a)) is inapplicable to those orders of the court as more than 30 days have passed since the order was entered and this section only applies to orders that have been entered less than 30 days previous; and that a collateral attack on the orders over 30 days old cannot be maintained under section 2—1401 as notice was given on these previous petitions, and thus, the court's jurisdiction was not invoked through fraud, accident or mistake. However, the appellants, both before the circuit court and in their briefs on appeal, admit that the notice required under section 6—10(a) of the Probate Act was not given to any of the heirs and legatees. Nevertheless, it is their position that the circuit court could only reopen the proceedings so that this notice could be issued, and that the court could not vacate the other orders previously entered and could not reopen the probate proceeding for the purpose

of collecting the distributed estate assets and reprobating the estate once jurisdiction was obtained over the heirs.

■■ Without discussing the appellants' various arguments, suffice it to say that the circuit court's determination was correct. The court, in its order, stated:

"Subject matter jurisdiction is acquired by a court sitting in probate by the filing of a petition to admit the estate for probate, to appoint a fiduciary, and/or by filing the will, if any. *In personam* jurisdiction of the heirs and beneficiaries in a probate case is acquired by the compliance with the notice requirements of the Probate Act (Ill. Rev. Stat., Ch. 110½, paras. 6—10, §6—21 and Ch. 110A, para. 108). As a matter of law, these notice provisions in probate are the equivalent of service of process in a law or chancery case. Without such compliance, the court in probate lacks *in personam* jurisdiction of any heir or beneficiary who does not voluntarily appear generally.

Notice made other than as necessary under the Probate Act to perfect the Court's *in personam* jurisdiction of the heirs and beneficiaries is ineffective to confer *in personam* jurisdiction, irrespective of how many times it is made, the form in which it is made, or that it was, in fact, received. Such a nonconforming notice in probate is no more sufficient to confer *in personam* jurisdiction than notice made in law or chancery actions without the benefit of service of process, or, if appropriate, publication and mailing.

The fraud, accident or mistake of attorney Bayler in failing to perfect notice pursuant to the statute upon admission of the will to probate deprived this Court of *in personam* jurisdiction *ab initio*. Where the court lacks *in personam* jurisdiction *ab initio* all that follows is voidable, if not void, irrespective of whatever other notice is provided, until such time as a party actually appears generally and thus submits to the jurisdiction of the court."

We find that the circuit court's order accurately reflected the law.

The only case uncovered in our research which appears to be applicable held that failure to give the required statutory notice deprived the court of jurisdiction to proceed with probate as it related to those persons not given notice. (*Vogel v. Katz* (1965), 64 Ill. App. 2d 126, 212 N.E.2d 295.) In *Vogel*, the executor listed Vogel, an heir of the decedent, on the petition to admit the will to probate and gave Vogel's address thereon as simply "New York City." Prior to the hearing on the executor's petition for admission of the will to probate, no

notice was mailed to Vogel of the pending petition. The court found that the executor failed to ascertain Vogel's complete address, which he could have done through consulting another of the decedent's relatives or by looking in the New York City telephone directory where Vogel's home and work address were given, and that the court did not have jurisdiction to proceed with probate as it related to Vogel. The court also held that the fact that Vogel had actual knowledge of the decedent's death and that she had left a will was insufficient to convey jurisdiction, since it is the prescribed notice given in the statute which invokes jurisdiction. (*Vogel*, 64 Ill. App. 2d 126, 212 N.E.2d 295.) Similarly, the court determined that failure to mail notice, as the statute required, cannot be cured by publication to "unknown heirs," as this is not in compliance with the statutory notice provisions where the name and address of a named heir is readily ascertainable. (*Vogel*, 64 Ill. App. 2d 126, 212 N.E.2d 295.) The court in *Vogel* stated in pertinent part:

"[The failure to give notice as required by the statute] would defeat the basic scheme of the Probate Act, which is to notify the heirs (who would take an intestate decedent's property) that a will is going to be presented for probate at a particular time and place so that they may appear if they so desire. Without this notice the court does not acquire jurisdiction, and the entire probate proceeding falls as to such unnotified heir. [(Ill. Rev. Stat. 1961, ch. 3, pars. 63, 64, 64b.)] The notice provided by statute must be given unless expressly waived, and it is on the strength of this notice requirement that the statute fixes the limited time for filing a will contest as commencing with admission of the will to probate. [Ill. Rev. Stat. 1961, ch. 3, par. 90]." (*Vogel*, 64 Ill. App. 2d at 131, 212 N.E.2d at 297-98.)

While this case was decided prior to the amendments that are in effect in the case *sub judice*, the rationale remains the same, *i.e.*, the notice advises the heirs of their rights and also gives a time frame from which the 42-day time limit (Ill. Rev. Stat. 1985, ch. 110½, par. 6—21) for requiring formal proof of the will and the six-month time limit (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1) for contesting the will can commence. Thus, since the circuit court in the instant case lacked personal jurisdiction of the heirs who had not appeared generally before the court (one of whom was Miller) due to the lack of compliance with the statutory notice requirements, any of the subsequent orders entered by the court after the admission of the will to probate without jurisdiction were void, regardless of the notice issued for each of the proceedings.

Because of our determination that the circuit court lacked personal jurisdiction over Miller, the appellants' arguments, that the various vehicles for challenging the vacated orders are inapplicable, must fail. Whether Miller's petition was brought under section 2—1203 or section 2—1401 is irrelevant, as the law is clear that if a court lacks jurisdiction over the parties, any judgment entered without jurisdiction is void and may be attacked and vacated at any time, either directly or collaterally. *In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 535 N.E.2d 818.

In addition, because all of the orders entered after May 12, 1986, were vacated by the court, common sense dictates that the court reopen the estate and recommence probate once the appropriate notice has been given. This is so as all of the estate is unsettled and section 24—9 of the Probate Act applies. (Ill. Rev. Stat. 1989, ch. 110½, par. 24—9.) The court properly reopened the estate.

■ The appellants have also raised the issue that the court did not have jurisdiction to consider Miller's petition to vacate the orders and reopen the estate as proper notice was not given to all of the necessary parties. The record reflects that the executrix, her attorney, the trustee's attorney, and the other attorneys who had entered their appearances for various parties were given notice of Miller's petition and in fact appeared on the date of the hearing on the petition. Here, the issue of notice is being raised by parties who were given notice of the proceeding. Where a party was given notice, he cannot complain that others were not notified. *In re Estate of Millsap* (1979), 75 Ill. 2d 247, 388 N.E.2d 374.

We next consider the issues raised by the executrix's attorney, Bayler. Bayler contends initially that a section 2—1401 petition is subject to all the rules of civil practice, *i.e.*, it must be treated like a complaint and state a cause of action, it must be supported by affidavits or other material, and that where fraud is alleged, as it was here, the petitioner must bear the burden of proof. It is Bayler's position that Miller did not do this in her petition. In conjunction with this issue, Bayler raises the subissues that necessary parties were not served notice of Miller's section 2—1401 petition, and therefore, the court did not have jurisdiction to hear the petition; that discovery should have been conducted before the granting of the section 2—1401 petition rather than after; and that an evidentiary hearing should have been held on the petition where the allegations in the petition are denied, thereby raising issues of fact.

■ ■ Miller's petition, entitled "Petition and Motion to Vacate Order and for Relief from Orders or Judgments," did not identify

what section of the statute under which she was proceeding. In this document, Miller raised several problems which arose during the administration of the estate. One of the issues raised in her petition was that the executrix failed to give the proper notice required under section 6—10 under the form prescribed by Supreme Court Rule 108 (134 Ill. 2d R. 108). The executrix admitted that she had failed to give this notice. It was upon this issue that the circuit court based its order, finding that it lacked personal jurisdiction from the outset of the administration of the estate. Where a pleading attacks a judgment for lack of personal jurisdiction due to defective notice, the pleading is not restricted to the requirements of the provisions of the Code of Civil Procedure relating to relief from judgments, and it is immaterial whether the moving party deems himself to be proceeding under section 2—1401, as a judgment against a party who has not been properly served and who has not entered an appearance is void. (*In re Marriage of Parks* (1984), 122 Ill. App. 3d 905, 461 N.E.2d 681.) In addition, there was no denial that notice was not given, and it was unnecessary for the court to conduct discovery or to hold an evidentiary hearing upon a conceded fact. With regard to Bayler's contention about the lack of notice to necessary parties for Miller's petition, this issue was previously discussed in this opinion and will not be reiterated here.

Bayler's second and third issues concern the court's "finding" that he committed fraud on the estate. Bayler contends that his due process rights were violated by the court's finding that he committed fraud *per se*, as he was not given an opportunity to be heard on the charges. Bayler also asserts that the court lacked jurisdiction over his conduct or to impose discipline upon him.

■ The circuit court, in the findings portion of its order, enumerated certain facts of record which reflected poorly on Bayler's conduct in the administration of the estate. One of the facts of record was that the largest oil royalty interest, which was conveyed to Hubert Rose following a private sale, was transferred to Bayler that same day for consideration of less than $100. When Bayler later petitioned the court to increase the amount of this same royalty interest, Bayler failed to disclose that he was the owner of the interest. The court determined that these facts made a *prima facie* showing of fraud *per se* under the case law; however, the court did not adjudge Bayler guilty of such conduct but referred the case to the Attorney Registration and Disciplinary Commission (ARDC) for further investigation. The court stated that, under the disciplinary rules, he was required to report Bayler's conduct, which the court did by causing the

circuit clerk to send a copy of the order to the ARDC for further investigation.

We find that the court acted properly and that Bayler's due process rights were not violated. The Code of Professional Responsibility requires a lawyer to report knowledge of another attorney's misconduct to a tribunal or other authority empowered to investigate or act upon the violation. (107 Ill. 2d R. 1—103(a).) This is what the judge did in this case. Bayler will be afforded an opportunity to defend his position, *i.e.*, have his day in court, when his case comes up before the ARDC.

For the foregoing reasons, the judgment of the circuit court of Clay County, vacating the orders entered following the admission of the will to probate and the issuance of letters testamentary and reopening the estate, is affirmed.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.