## ISRAEL *v.* WOLF *et al.*

It being within the power of the ordinary of any county to compel the filing in his office of any paper purporting to be the last will and testament of a deceased person who at the time of his death resided in such county, and the court of ordinary having original and exclusive jurisdiction in the first instance of the probate of all wills, the superior court in the exercise

of its equity powers has no jurisdiction to enjoin the custodian·
of an alleged will from offering it for probate; nor to decree,.
for any reason, the cancellation of an alleged will upon which.
no action has ever been taken by the court of ordinary.

Argued January 18,—Decided March 3, 1897.

Petition for injunction, etc.    Before Judge Lumpkin..
Fulton county.   September 1, 1896.

*Mayson & Hill* and *N. J. & T. A. Hammond,* for plain-
tiff. . *Dorsey, Brewster & Howell* and *Hugh M. Dorsey,.*
for defendants.

COBB, Justice.

Israel brought his petition to the superior court of Ful-
ton county, in which he alleged that his wife died in Jan-
uary, 1896; that previous to her death, under the influence·
exerted by Wolf, who was her brother, she had made what·
purported to be her last will; that in this paper she·
had attempted to dispose of certain described property
which she did not own, and which was the property of Israel,
and in his possession.   The beneficiaries of the alleged will
were the children of Wolf, and Wolf was the executor·
nominated.   Wolf lived in Fulton county, and the paper·
in question, according to the petition, was in the possession
of Wolf's attorney in that county.   It was also alleged that
the scheme and purpose of Wolf, he having fraudulently
procured the instrument to be made, was to hold the same
without offering it for probate, hanging as a menace over
Israel and as a cloud on his title, so that something might
be extorted from Israel during his lifetime, or from his·
estate after his death.   The prayers of the petition were:·
that Wolf be compelled to deliver the alleged will into court
that the same might be cancelled; that he be enjoined from·
filing it with the ordinary for probate, and from attempting
in any way to enforce. or claim title to any of petitioner's
property thereunder; and that petitioner's title to the prop-·
erty be established as against the alleged will; further, that

Wolf be enjoined from instituting any action under its pro-
visions; and for general relief. On demurrer the court dis-
missed the petition. We think this was right.

There was no equity in the petition. The court of ordi-
nary has authority to exercise original, exclusive, and gen-
eral jurisdiction of the probate of wills. Civil Code, §4232.
The residence of the testator at his death gives jurisdiction
to the ordinary of that county. Civil Code, §3279. It ap-
pearing from the allegations in the petition that the person
who had the custody of the alleged will was in the county
of the ordinary who had jurisdiction of its probate, it was
within the power of the ordinary of that county, either
upon his own motion, or upon information filed in his office,
to require, under pain of contempt, the custodian of the in-
strument to file it in the office of the ordinary. Civil Code,
§3288. The paper once filed in the office of the ordinary,
an application for probate could be made by the nominated
executor, or by any person interested in the will. Civil
Code, §3292. If the nominated executor renounced, or re-
fused to apply for probate, and if the persons named in the
alleged will as legatees likewise refused, it would be in the
power of Israel, as an heir at law of his wife, either to apply
to the ordinary for a rule requiring the executor, or others
interested under the instrument in question, to offer the
same for probate in solemn form, or else to institute some
other proceeding in that court under which the question of
devisavit vel non could be raised and adjudicated. The
remedy of the petitioner to have the question of the validity
of the alleged will decided is adequate and complete in the
court of ordinary. That is the only court that can in the first
instance judicially determine whether or not any given
paper is the true will of the person by whom it purports to
have been executed as such. Jurisdiction in cases of fraud
in the execution of wills is distinctly taken away by the
code from courts of equity in this State. Civil Code, §4024.
The decision of the issue in the court of ordinary as to

whether the instrument in question is a valid will or not will not be conclusive on the question of title to the property sought to be disposed of. If Mrs. Israel has attempted to dispose of property which does not belong to her, the paper purporting to be her will will never be operative upon that property, and when it has been set up by the court of ordinary as her last will, there will be abundant time to prevent it from being used by the executor, or any one interested, as an instrument of fraud upon Israel's rights. The fact that Mrs. Israel has attempted to dispose of property which she does not own will not give the superior court, in the exercise of its equity powers, jurisdiction to cancel the paper as a cloud upon the title of the true owner. Rea *v.* Longstreet, 54 Ala. 291; Nickerson *v.* Loud, 115 Mass. 94. Israel is in possession and has the title to the property, and he is in no worse position than one who is subjected to the annoyance of an unfounded claim by another to a part of his property. Every idle and harmless claim to another's property, though reduced to writing, will not justify the owner in applying to a court of equity to cancel the paper as a cloud.

*Judgment affirmed. All the Justices concurring.*