HARRELL, administrator, *v.* HARRELL.

1. When a person dies without lineal descendants, his widow as sole heir at law can not, upon payment of his debts, take possession of the estate without administration, when there is in existence an unprobated paper apparently executed in due form of law as the will of the deceased, until there has been a judgment of the court of ordinary that such paper is not the will of the deceased.
2. A legacy is not a debt within the meaning of that provision of the code authorizing a widow, under certain circumstances, to pay the debts of her deceased husban⁻'s estate and take possession of the same.

Argued May 19,—Decided June 14, 1905.

Complaint.   Before Judge Littlejohn.   Webster superior court. October 3, 1904.

Mrs. Lizzie Harrell brought suit against the administrator of the estate of D. B. Harrell, upon two promissory notes, each signed by D. B. Harrell, one for $500, payable to John Harrell or order, and the other for $1,000, payable to the order of the plaintiff.   She alleged, that she was the widow of John Harrell, who died intestate leaving no descendants, that there were no unpaid debts owing by him, and that therefore she was the owner and holder of the note payable to her husband.   The defendant filed an answer in which he denied the material allegations of the petition, and pleaded non est factum and payment as to both notes.   At the trial the plaintiff introduced the notes and proved their execution by the intestate of the defendant.   It appeared, from the evidence, that John Harrell died testate, and that his will had never been probated or admitted to record.   The will was introduced in evidence, and from it it appeared that the testator gave to a person who was his niece, but who was described as his adopted daughter, a legacy of $3,000, and the rest of his estate to his wife, who was nominated as the executrix of the will. There was no evidence that his niece had been legally adopted as his daughter.   There was evidence that after the death of John

Harrell the plaintiff delivered to the niece property of the value of $3,000, and took her receipt in full payment of all claims which she had against the estate of her uncle, either by will or otherwise. There was no evidence authorizing a finding for the defendant on either of the special pleas referred to. The court directed a verdict for the plaintiff, and the defendant excepted.

*G. Y. Harrell,* for plaintiff in error. *J. B. Hudson,* contra.

COBB, J. So far as the verdict relates to the note for $1,000, payable to the plaintiff, the evidence demanded a finding in her favor. But the evidence neither required nor authorized a finding in the plaintiff's favor as to the $500 note payable to John Harrell. The general rule is that the right to recover upon a chose in action payable to a person since deceased is in the legal representative of the estate of such person. One exception to this rule is where a husband dies intestate, leaving no lineal heirs, in which case the law allows his widow to pay the debts due by his estate and take possession thereof. In such a case the widow has a right to bring suit upon a chose in action belonging to the estate of her deceased husband. The section of the code which confers this right upon the widow is in that chapter which deals with the subject of title by descent and distribution, lays down the rule to determine who are heirs at law of a deceased person, and is in the following language: "Upon the death of the husband, without lineal descendants, the widow is his sole heir, and upon the payment of his debts, if any, may take possession of his estate, without administration." Civil Code, § 3355, par. 1. This section has no application whatever in a case where a husband dies testate. It confers no authority upon the widow to settle with legatees. A legacy is in no sense a debt, and certainly is not a debt within the meaning of this section. A debtor is never required to pay to any person except one whose receipt would protect him against the creditor or his legal representative. A debtor to one who dies leaving a paper apparently executed in due form of law as a will would not be fully protected by a payment to the widow or heirs at law, until it has been judicially determined that this paper is not the will of the deceased. It is the duty of all persons having possession of such papers, upon the death of the person whose name is signed thereto, to file the

paper with the ordinary; and more than this, it is the duty of the ordinary, upon information that such a paper is in existence, to require the same to be filed in his office. Civil Code, § 3288; *Israel* v. *Wolf*, 100 *Ga.* 339. So long as such a paper is in existence, either filed or unfiled, a debtor to the estate of the deceased pays at his peril to an heir claiming to represent the estate in that capacity only. While it appears from the evidence that the legatee and the widow have settled, still the legatee is not a party to this suit, and there is nothing to prevent her from compelling a probate of the will and attacking this settlement for any reason that may exist. The plaintiff alleged in terms in her petition that John Harrell died intestate. Her right to recover depended upon proof of this allegation. The uncontradicted evidence shows that he did not die intestate, and therefore the plaintiff had no right to recover upon the $500 note. The judgment is affirmed as to the recovery upon the $1,000 note, upon condition that the plaintiff write off all of the recovery based upon the $500 note, nothing in so doing to prejudice the right of the legal representative to bring another suit on that note. If the recovery be not so written off, the judgment will be reversed; the defendant in error in either event to pay the costs of this writ of error.

*Judgment affirmed, on condition. All the Justices concur, except Simmons, C. J., absent.*