### HADDEN *v.* STEVENS.

ATKINSON, Justice. A testatrix whose husband was her sole heir at law devised land to him during his life, with remainder to her niece. She did not nominate an executor. She died on May 14, 1920, leaving her husband in possession. He did not propound the will, but procured an appointment as administrator as in cases of intestacy. The niece, who resided in another State, knew the facts indicated above, and in 1922, while on a visit to the husband, made a request for the will which he then held in his hands with the administration papers; also a request that he probate the will. Both requests were refused with the statement that the niece "would get the property after he died anyhow. . . It would all be there when he died." Previously (on October 3, 1921) the husband had received approval of his returns, and final discharge as administrator, on his application to the ordinary, alleging that he was sole heir at law of the deceased, and that he had fully administered the estate. The niece did nothing more. In February, 1927, the husband, while in possession of the land apparently as sole heir at law of the testatrix, sold the timber on the land to a third person without notice of the will, who bought on faith of his being sole heir at law. The husband died on June 14, 1932, and in the fall of 1933 a grantee of the purchaser commenced cutting the timber. This was the first time the niece acquired notice of the sale of the timber. The niece thereafter proceeded to have a copy of the will as a lost instrument probated. After its probate she sold the timber to a different person. The grantee of the first purchaser instituted suit to enjoin cutting the timber by the purchaser from the niece. The plaintiff pleaded estoppel. After hearing evidence as above outlined, the judge refused an interlocutory injunction. The plaintiff excepted. *Held:*

1. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, *or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury.*" Code of 1910, § 5738

(Code of 1933, § 38-116). "Every person having possession of a will shall file the same with the ordinary of the county having jurisdiction." Code of 1910, § 3862 (Code of 1933, § 113-610). If such person fails to do so, the ordinary, either upon his own motion or upon information filed in his office, may require, under pain of contempt, the custodian of the instrument to file it in the office of the ordinary; and once filed in the office of the ordinary, an application for probate could be made by any person interested under the will. *Israel* v. *Wolf*, 100 *Ga.* 399 (28 S. E. 109). See *Harrell* v. *Harrell*, 123 *Ga.* 267 (51 S. E. 283).

2. The failure of the niece to move in the matter of compelling the husband to file the alleged will after his refusal, and to apply to have it probated for so long a time, was such gross negligence as would amount to constructive fraud against a purchaser from the husband without notice of the will and acting on faith of his apparent title as heir at law, and would estop the niece and her assigns from setting up title under the subsequently probated will as against such purchaser from the husband claiming as heir at law.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent.*

No. 10593. SEPTEMBER 28, 1935.

*M. C. Barwick* and *Phillips & Abbot,* for plaintiff.
*Herschel E. Smith* and *N. J. Smith,* for defendant.