19573. WILLIS, Guardian *v.* WILLIS, Executrix, *et al.*

MOBLEY, Justice. R. J. Willis, guardian for Cornelia Willis Bradfield, brought a petition in Troup Superior Court against Margaret Todd Willis and P. T. Hipp, Ordinary of Troup County. The petition alleged that Cornelia Willis Bradfield and Kittie Willis were sisters; in 1936, they entered into an oral agreement to execute a mutual will and to name each other as sole beneficiary thereunder; pursuant to the agreement they executed such a mutual will, copy of which was attached to the petition, dated April 17, 1936; on July 15, 1940, Cornelia Willis Bradfield was adjudged insane; on February 22, 1954, Kittie Willis executed a will making a disposition of her property different from that made in the mutual will; Kittie Willis died on January 17, 1956; Margaret Todd Willis was named executrix of the will executed on February 22, 1954, and has filed it for probate in the Court of Ordinary of Troup County. The prayers were for specific performance of the will executed in 1936, or damages in lieu thereof, and for injunction against probating the will offered by the defendant Margaret Todd Willis. The general demurrer of Margaret Todd Willis was sustained and the petition dismissed, and to this judgment the plaintiff in error excepts. *Held:*

"The court of ordinary shall have exclusive jurisdiction over the probate of wills." Code § 113-603. "The court of ordinary has original and exclusive jurisdiction, in the first instance, of the probate of wills; and a court of equity in the exercise of its equity powers has no jurisdiction to enjoin the custodian of an alleged will from offering it for probate, or for any reason to decree cancellation of an alleged will on which no action has been taken by the court of ordinary." *Furr* v. *Jordan,* 196 *Ga.* 862 (1) (27 S. E. 2d 861). *Israel* v. *Wolf,* 100 *Ga.* 339 (28 S. E. 109); *Harris* v. *Tisereau,* 52 *Ga.* 153, 159 (21 Am. R. 242); *Ragan* v. *Natl. City Bank of Rome,*

177 *Ga.* 686, 692 (170 S. E. 889) ; *Elliott* v. *Johnson,* 178 *Ga.* 384 (173 S. E. 399). The objection to the second will of Kittie Willis on the ground that the insanity of her sister made their mutual will irrevocable and all other objections raised in the petition must be raised and passed upon by the court of ordinary. If the second will is invalid for any reason and hence not entitled to be probated, it is the court of ordinary which the law says shall first determine such questions. The Superior Court of Troup County was without jurisdiction to decide the questions raised by the instant petition, and it was not error for the trial court to sustain the defendant's general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who is disqualified.*

SUBMITTED JANUARY 14, 1957—DECIDED FEBRUARY 12, 1957.

*Wyatt & Morgan, L. M. Wyatt,* for plaintiff in error.
*A. W. Birdsong, Jr., Richter & Birdsong,* contra.