## 30151. THOMAS v. HARPER.

JORDAN, Justice.

Caledonia Stokes executed her will on December 7, 1964, leaving all of her property to her husband for life with remainder over to her cousin Alfred Thomas, the appellant. She died on July 12, 1965, leaving her husband Dan Stokes as sole heir and in possession of the property. Before her funeral the will was opened and read in the presence of Dan Stokes and the appellant. Agreeing that they "could handle the situation together all right," the will was returned to a trunk until it was offered for probate some 5 1/2 years later on December 6, 1971.

In the meantime on February 7, 1970, Dan Stokes offered to sell a 3-acre parcel of the property to appellee Emmett Harper, representing to him that he was the sole heir of his deceased wife, there being no children. Appellee employed an attorney who made a review of the records of the Clerk of Superior Court and Probate Court. Inquiry was made of several acquaintances of Mrs. Stokes which indicated that Mrs. Stokes left no will, that there had been no administration of her estate, and that her husband Dan Stokes was the sole heir. The warranty deed was then executed from Dan Stokes to appellee.

Dan Stokes died on March 17, 1970, and shortly thereafter appellant notified appellee of his claim under the will, and on February 6, 1974, filed a complaint in ejectment. After a hearing the trial court granted the appellee's motion for summary judgment, from which appellant filed his appeal.

Appellant contends that the trial court erred in ruling as a matter of law that the appellant was grossly negligent in failing to have the will of Mrs. Stokes probated, that this was the equivalent of constructive fraud against the appellee, and that this estopped the appellant from setting up his title under the probated will.

In so holding the trial court cited and relied upon *Hadden v. Stevens,* 181 Ga. 165 (2) (181 SE 767), in which this principle was applied against a niece who was the remainderman, the court saying, "The failure of the niece to move in the matter of compelling the husband to file the

alleged will after his refusal, and to apply to have it probated for so long a time, was such gross negligence as would amount to constructive fraud against a purchaser from the husband without notice of the will and acting on faith of his apparent title as heir at law, and would estop the niece and her assigns from setting up title under the subsequently probated will as against such purchaser from the husband claiming as heir at law."

The facts here show that the appellee-purchaser made a reasonable inquiry into the marketability of the tract offered for sale by the husband who was in possession. It is undisputed that the appellant knew of the will and his interest therein and rather than request or demand that it be offered for probate entered into an agreement with the life tenant keeping it from probate.

The trial court did not err, therefore, under the facts of this case, in applying the rule in *Hadden* and in granting the appellee's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 14, 1975 — DECIDED SEPTEMBER 11, 1975.

*W. Seaborn Ashley, Jr.,* for appellant.
*M. C. Wright, II,* for appellee.