## 67339. MOTE v. HELMLY.

Quillian, Presiding Judge.

Plaintiff-appellant Mote appeals from an order granting judgment on a verdict and denying his attempted voluntary dismissal.

The suit was for personal injury damages arising from a vehicular collision in which defendant-appellee Helmly filed a counterclaim for personal and property damage. After a short deliberation the jury informed the clerk it had reached a verdict. Before the jury came into the courtroom appellant's counsel was heard to say to appellant that they had lost the case. Appellant's counsel then stated that he was tendering a motion to dismiss without prejudice. Appellee's counsel objected to dismissal on the ground that his counterclaim would be prejudiced. The jury returned to the courtroom and the judge informed counsel that he would take the matter under advisement. The jury was then asked if they had reached a verdict and, upon the foreman informing the judge that they had, he was directed to give the verdict to the bailiff who apparently gave it to the judge. At that point appellant's counsel asked the clerk to stamp his dismissal, which was apparently done. The judge stated that the verdict was undated and had it returned to the foreman to be dated. The judge then read the verdict which was in favor of appellee, with no money awarded. Subsequently, it was determined that the dismissal was stamped at 1:35 p.m. and the verdict was noted as published at 1:37 p.m. Several weeks later the trial court signed an order denying appellant's motion to dismiss and granting judgment on the verdict to appellee.

Appellant contends that his voluntary dismissal filed before publication of the verdict precluded entry of judgment, and that the trial court erred in entering judgment and making findings of fact without affording him an opportunity to present evidence and contest the findings of the court. *Held:*

1. OCGA § 9-11-41 (a) (Code Ann. § 81A-141) provides: "[A]n action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

There was a counterclaim and appellee objected to the dismissal because of the counterclaim. There is no written notice of dismissal in the record as required by the statute; nor is there any evidence that appellant's notice of dismissal was served on appellee before it was

"filed," also required. Appellant's counsel apparently believed that he was going to lose the case and sought to prevent a verdict by a spur of the moment dismissal.

Although a plaintiff who does not have a counterclaim against him can dismiss his action at any time before verdict without an order of the court, we construe OCGA § 9-11-41 (a) (Code Ann. § 81A-141) as requiring that a dismissal have court approval before it can be effectuated if there is a counterclaim and the counterclaimant objects. When appellant "filed" his motion to dismiss by having the clerk stamp it, because of defendant's objection based on the counterclaim and absence of approval by the trial court, appellant's "filing" did not dismiss the case. The trial court's action in receiving the verdict before ruling on the motion was tantamount to a ruling that the counterclaim could not "remain for independent adjudication by the court." Under the circumstances, the trial court did not err in taking this action.

"This counterclaim limitation on voluntary dismissals has been liberally construed so as to do substantial justice where the plaintiff seeks to voluntarily dismiss in the face of affirmative relief being sought by the defendant. See *Worthen v. Jones,* 240 Ga. 388 (240 SE2d 842) (1977) and cits. Adjudged by this standard, we find that the trial court did not err in refusing to allow the appellant to voluntarily dismiss." *Sandifer v. Lynch,* 244 Ga. 369 (3), 372-3 (260 SE2d 78).

Where a trial court refused to allow voluntary dismissal at the end of a trial because there was a counterclaim, we held: "The defendant having entered an objection, the trial court did not err in disallowing (appellant's) dismissal of Counts 1 and 2 of his complaint. [Cits.]" *Mullins v. Oden & Sims Used Cars,* 148 Ga. App. 250 (1) (251 SE2d 65).

2. In view of the foregoing the remaining enumeration need not be addressed.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 6, 1984.

*Charles E. Muskett,* for appellant.
*Frederick W. Ajax, Jr., C. Michael Evert, Jr.,* for appellee.