40638. LEWIS et al. v. TANNER et al.

MARSHALL, Presiding Justice.

This is a suit for specific performance of an alleged oral contract to make a will. This suit was instituted after the denial of a caveat to probate of a will executed in violation of the alleged contract. In this appeal, complaint is made concerning the trial judge's charging the jury on the doctrine of res judicata. We agree that the charge was inapplicable and misleading. We therefore reverse. These are the facts:

Thursey Jordan obtained title to the subject real estate in 1965 through a warranty deed from her husband, Silas Jordan. Silas Jordan died in 1967. Mollie Lewis, a daughter of Thursey's, contends that she agreed with Thursey in 1973 that she would not file suit to have the 1965 deed set aside if Thursey would execute a will leaving the subject property to all of her children. Thursey did this. However, in 1978, Thursey executed a will leaving the subject property to her two sons, Truman Jordan and Jacob Jordan. This will named Thursey's daughter, Lucille J. Tanner, as executrix. Thursey died in

1981.

Thursey's 1978 will was probated in Ware County. Mollie and other of Thursey's children, who are also the plaintiffs-appellants herein, filed a caveat to probate of the will on grounds of fraud, undue influence, and testamentary incapacity. However, the court ruled in favor of the propounders.

The plaintiffs then filed this complaint in equity seeking to have Lucille Tanner, as executrix under the will of Thursey Jordan, specifically perform the agreement to convey the property to all of the testatrix' children.

The jury returned a verdict in favor of the defendants-appellees. The plaintiffs-appellants appeal, complaining that the trial judge erred in charging the jury that a judgment admitting a will to probate in solemn form concludes all parties notified as to all questions which were raised, or could have been raised, in the probate proceeding, and that, under the doctrine of res judicata, a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters which were put in issue or might have been put in issue. The plaintiffs-appellants argue that this charge was inapplicable to the issue concerning the validity of the contract to make a will, and was also misleading. We agree and reverse.

1. In *Liberty Nat. Bank &c. Co. v. Diamond,* 227 Ga. 200 (1) (179 SE2d 761) (1971), it was held that an action seeking enforcement of an oral contract to make a will could be pursued concurrently with a caveat to probate of a will made in alleged violation of the contract. Likewise, in *Jones v. Jones,* 231 Ga. 145 (200 SE2d 725) (1973), it was held that a will, though executed pursuant to a valid contract, may be revoked by the testator in a subsequent will, while the contract may be enforced against the testator's estate. In a subsequent appearance of the *Liberty Nat.* case, *Liberty Nat. Bank &c. Co. v. Diamond,* 231 Ga. 321 (V) (201 SE2d 400) (1973), it was held that in a contract-to-make-a-will case, contract law must be applied in determining the portion of the estate to which the promisee of the contract is entitled. The court cited approvingly from the following statements in Contracts to Make Wills (N.Y.U. Press 1956), " 'The action for specific performance (of a contract to devise or bequeath) is not a claim against the estate. It is a claim of title to the estate ... The right of the promisee to recover is not affected by his failure to make objection to the distribution and settlement of the estate, his own petition for issuance of letters, or even the filing of his own claim against the estate. It is a claim of property which is completely independent of probate and may be brought after the probate decree has become final.' At pp. 153-54, supra. See, also, O'Connor v. Immele, 7 N.D. 346 (43 NW2d 649)." 231 Ga., supra at p. 327.

It has been said that, "This is a sound and orthodox treatment of the question. The rights and liabilities of the parties under the contract should not be determined in the probate proceeding but only when the agreement is sought to be established as a claim against the estate. A will, on the other hand, remains revocable and ambulatory although there is a contract not to revoke. Even though the testator may have bound himself by the contract to a different disposition of his estate, the contract cannot be used as the basis for admitting the earlier will to probate, in spite of its revocation, or prevent the probate of the later revoking will." Chaffin, Georgia Fiduciary Law Updated: Recent Case Law and Legislative Developments, 11 Ga. State Bar Journal 85, 87 (1974).

2. Where, as here, there is no contested issue of fact on the question of whether res judicata constitutes a meritorious defense, that issue should be decided by the court as a matter of law and not submitted to the jury. See *Fierer v. Ashe,* 147 Ga. App. 446 (249 SE2d 270) (1978).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 7, 1984.

*Jones, Solomon & Boatright, Jimmy J. Boatright,* for appellants.
*Benjamin Smith, Jr.,* for appellees.