S93A0333. HORN v. GILLEY.
(428 SE2d 568)

CARLEY, Justice.

The instant appeal concerns the real property of the late Mrs. Artie Mae Crow. Mrs. Crow was survived by a son and a daughter and was predeceased by another daughter. Appellant-plaintiff is the son of Mrs. Crow and appellee-defendant, as the daughter of Mrs. Crow's deceased daughter, is Mrs. Crow's granddaughter and appellant's niece. Mrs. Crow executed a will shortly before her death. Although this will was filed with the probate court, it was never offered for probate and appellant became the administrator of Mrs. Crow's estate. This appeal does not raise for our consideration any issue as to the propriety of the appointment of an administrator when a purported will of the deceased has been filed, but not offered for probate. By quitclaim deed, appellant's sister conveyed to him her interest in Mrs. Crow's real property. Appellant then brought the instant specific performance action to compel appellee to convey to him her interest in Mrs. Crow's real property. According to appellant's complaint, he was entitled to specific performance of an oral agreement whereby he would receive title to Mrs. Crow's real property upon her death in consideration of his provision for her support and maintenance during her life.

Appellant moved for summary judgment and appellee moved to dismiss. Appellee's motion to dismiss was premised upon Mrs. Crow's unprobated will. According to appellee's motion, her minor daughter, who is Mrs. Crow's great-granddaughter, was named as a beneficiary in the will and was, therefore, an indispensable party whom appellant had failed to join in the instant action. The trial court granted appellee's motion to dismiss and, for this reason, also denied appellant's motion for summary judgment. The trial court further ordered that Mrs. Crow's will be offered for probate. Appellant appeals from this order of the trial court.

1. Mrs. Crow's will is totally extraneous to the resolution of any issue in the instant proceeding. Appellant alleges the existence of an oral agreement whereby he was to receive Mrs. Crow's real property upon her death and he has brought suit for specific performance of that agreement as against appellee. Whether appellant can obtain specific performance as against appellee is in no way dependent upon whether her interest in Mrs. Crow's real property derives from Mrs. Crow's will or Mrs. Crow's intestacy. It is appellee's interest in Mrs. Crow's real property, not the underlying source thereof, that is at is-

sue in the instant action. If appellant prevails in the instant action, a quitclaim deed from appellee will serve to convey to appellant the extent of appellee's interest in Mrs. Crow's real property notwithstanding the source of her title thereto. "If the grantor has title to or an interest in land, a deed of quitclaim is just as effective to pass that title as a deed with covenants of warranty." *McDonald v. Dabney*, 161 Ga. 711, 714 (9) (132 SE 547) (1926).

Likewise, appellee's daughter is certainly not an indispensable party for resolution of the limited issue raised in the instant action. Appellant seeks specific performance only as against appellee and a quitclaim deed from appellee will convey to appellant only appellee's interest, if any, in Mrs. Crow's real property. "A quitclaim deed conveys only such interest as the grantor may be possessed of at the time of the conveyance [cits.]. . . ." *Chatham Amusement Co. v. Perry*, 216 Ga. 445, 449 (11) (117 SE2d 320) (1960). The interest, if any, of appellee's daughter in Mrs. Crow's real property will be totally unaffected by a quitclaim deed from appellee to appellant. Appellee's daughter will continue to be free to pursue her claim to an interest in Mrs. Crow's real property by offering Mrs. Crow's will for probate. Any order of specific performance which might be rendered in the instant action would be enforceable only as against appellee and would

> "not [be] binding upon any one [else] having an interest under or adverse to the will [of Mrs. Crow]. . . . If, because the [executor of Mrs. Crow's will] had formally renounced the will and declined to act thereunder, [he] was [not] a proper party to offer it for probate, [and] the minor [devisee] would certainly have the right to have the will probated . . . upon an application made in [her] behalf by a next friend."

*Hooks v. Brown*, 125 Ga. 122, 131 (53 SE 583) (1906). "[T]here is nothing to prevent [appellee's daughter] from compelling a probate of the will. . . ." *Harrell v. Harrell*, 123 Ga. 267, 269 (51 SE 283) (1905).

> " 'Although letters of administration [may] have been granted upon a supposed intestacy and the administrator has obtained a final discharge, a will thereafter presented to the [probate] court . . . may nevertheless be admitted to probate, and this without previous annulment of the former judgments.'. . . [S]uch an adjudication [of intestacy], if it could be so designated, is not conclusive to the same extent as other judgments."

*Roughton v. Jones*, 225 Ga. 774, 775 (1) (171 SE2d 536) (1969). See also *Walden v. Mahnks*, 178 Ga. 825 (1) (174 SE 538) (1934).

The instant action can only affect appellee's interest, if any, in Mrs. Crow's real property. It follows that the trial court erred in granting appellee's motion to dismiss. Clearly appellee's daughter is not an indispensable party because she is not

> so situated that the disposition of the [instant] action in [her] absence may . . . [a]s a practical matter impair or impede [her] ability to protect [her] interest [if any, in Mrs. Crow's real property]. . . .

OCGA § 9-11-19 (a) (2) (A).

2. The trial court also erred in making any further order regarding the probate of Mrs. Crow's will. Not only is Mrs. Crow's will totally extraneous to the resolution of the instant action, the trial court had no jurisdiction to order that her will be probated. "The probate court shall have exclusive jurisdiction over the probate of wills." OCGA § 53-3-1 (a). A superior court cannot enjoin the offer of a will for probate or cancel a will or order specific performance of a will. See *Willis v. Willis*, 213 Ga. 45 (96 SE2d 591) (1957). The only duty placed upon an executor is to *file* the will with the probate court. OCGA § 53-3-3. The executor may refuse to *offer* the will for probate. See OCGA § 53-3-2; *Furr v. Jordan*, 196 Ga. 862, 871 (1) (27 SE2d 861) (1943); *Israel v. Wolf*, 100 Ga. 339, 341 (28 SE 109) (1897). As noted in Div. 1, appellee's daughter can, if she wishes, offer Mrs. Crow's will for probate. The issue of the probate of Mrs. Crow's will is a matter exclusively for original initiation in and determination by the probate court.

3. Appellant enumerates as error the trial court's denial of his motion for summary judgment. After a review of the record, we find that appellant has failed to meet his burden of proof. The record does not "show that there is no genuine issue as to any material fact and that [appellant] is entitled to a judgment as a matter of law. . . ." OCGA § 9-11-56 (c). Accordingly, summary judgment in favor of appellant was correctly denied.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 3, 1993.

*Robert I. Kiselik*, for appellant.
*G. M. Adcock,* for appellee.