## A93A2503. JOHNSON v. HAMILTON.
(438 SE2d 715)

BIRDSONG, Presiding Judge.

Dolly Bell Johnson, as administratrix of the estate of Everett J. Smith, appeals the order of the superior court granting appellee Annie L. Hamilton's motion to dismiss.

Johnson, as administratrix, filed an application in the Probate Court of Bartow County to sell personal property of the estate. See generally OCGA § 53-8-72. Appellee/claimant Hamilton, pursuant to OCGA § 53-8-70, filed an affidavit asserting a claim to certain of that property. Johnson filed a response to Hamilton's claims, agreeing with some of them, denying others, and averring therein a counterclaim against Hamilton. By way of this counterclaim, Johnson sought the return of certain property and money, which she averred was "impressed with a resulting trust for the heirs of [deceased] at his death," and which allegedly was wrongfully obtained from a safe deposit box and wrongfully converted. Thereafter on March 19, 1993, Hamilton, who having received in the interim certain of the claimed property, filed a motion to dismiss the balance of her claim for the remaining personalty. On April 2, 1993, pursuant to OCGA § 53-8-72, the Probate Court of Bartow County transferred the claim, affidavit, and

counterclaim to the Superior Court of Gordon County. Gordon County is the administratrix' residence and Cobb County is the residence of appellee Hamilton.

On April 21, 1993, claimant Hamilton filed a motion to dismiss the action in superior court contending that there is no claim pending for certification to said court and nothing validly certified, and that the superior court lacks jurisdiction and venue, including subject matter jurisdiction. In effect, appellee contended that the counterclaim had been improperly transmitted due to its lack of viability. The superior court granted the motion to dismiss noting that when the claim was dismissed without objection (an issue contested by appellant), the counterclaim did not have proper venue in Gordon County to support it. Appellant's sole enumeration is that the trial court erred by granting appellee's motion to dismiss in its entirety where appellant properly had pleaded a counterclaim prior to the service of appellee's motion to dismiss. *Held*:

1. Appellee asserted before the superior court that OCGA §§ 53-8-70 and 53-8-72 do not contemplate or authorize the filing of a counterclaim in the probate court, which affirmatively seeks recovery of property and monies. The CPA applies to all courts of record in this state, including probate courts, with certain statutory exceptions (OCGA § 9-11-81) not here applicable. OCGA §§ 9-11-1; 15-9-122; *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13); *Greene v. Woodard*, 198 Ga. App. 427 (401 SE2d 617). A pleading stating a counterclaim is permissible in probate court (OCGA §§ 9-11-1; 15-9-122) as the principal provisions of OCGA § 9-11-13 are not subject to any recognized exception under OCGA § 9-11-81. Cf. *Bryan v. Granade*, 180 Ga. App. 296, 297 (1) (348 SE2d 885) (probate court had jurisdiction to hear issues raised in counterclaim before superior court). Accordingly, we must reject appellee's contentions that a counterclaim could not be filed before the probate court. Suffice it to say that if such procedure had not been envisioned by the legislature, it would have been both reasonable and relatively simple for them to provide such an express exception either in OCGA § 9-11-81 or elsewhere.

Likewise lacking in persuasion is appellee's argument before the superior court that the counterclaim was void merely because the probate court had no jurisdiction to resolve it. If the probate court lacks jurisdiction over a claim or counterclaim, the proper procedure is not to dismiss the case but timely to "transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. 1983, Art. VI, Sec. I, Par. VIII. The venue and procedural transmittal requirements of OCGA § 53-8-72 are entirely compatible with this constitutional provision. The filing of a counterclaim in probate court, which lies beyond the jurisdiction of said court, is not a void counterclaim as contended by appellee;

rather it is viable and subject to the above transfer provision, unless subject to dismissal on other grounds.

2. Appellee's notice of dismissal purported to effect a voluntary dismissal within the meaning of OCGA § 9-11-41 (a).

OCGA § 9-11-41 (a) pertinently provides: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." See generally Ga. Prac. & Proc. (6th ed.), § 11-2. The trial court recognized the potential applicability of this Code section but concluded that because appellant had failed to object to the dismissal of the main claim it was automatically dismissed, and therefore the counterclaim did not have proper venue in Gordon County to support it. Accordingly, the trial court granted the motion to dismiss the action pending in the superior court.

(a) Examining the position letter filed before the probate court and administratrix' brief in opposition to motion to dismiss filed in superior court in their totality, and construing such documents so as to achieve a just determination of the issue before us (OCGA § 9-11-1; see *Mote v. Helmly,* 169 Ga. App. 475, 476 (1) (313 SE2d 493)), we conclude appellant did in effect pose an objection to the dismissal of the claim based on the existence of her viable counterclaim. In the position letter appellant made clear her position that, although appellee "has every right to terminate her claim against the . . . estate, her actions *in no way affect* the . . . counterclaim filed in response to the claim. . . . Once a person initiates a court proceeding seeking some legal recovery and a counterclaim is interposed, that original claimant . . . *cannot ignore the consequences* of the counterclaim." (Emphasis supplied.) The letter also acknowledged that the applicable transfer statute requires this "matter be transferred" to the Gordon County Superior Court. Additionally, in her opposition brief before the superior court, appellant expressly stated: "Defendant Dolly Johnson objects to dismissing this matter." To hold that appellant was not posing an objection to a dismissal which would affect the continued viability of her counterclaim would be placing form over substance.

However, prudence may dictate that in futuro a counterclaiming party should timely file a motion to strike the plaintiff's voluntary dismissal, and obtain a court ruling on the motion to strike. Ga. Prac. & Proc., supra.

(b) Additionally, the record reveals that the probate court did not enter any order authorizing the dismissal of appellee's claim, but rather transferred the entire matter to the superior court pursuant to OCGA § 53-8-72. As a general rule, "[a] plaintiff may dismiss his complaint without leave or order of the court." *Smith v. Memorial*

*Med. Center,* 208 Ga. App. 26, 29 (1) (430 SE2d 57); OCGA § 9-11-41 (a). However, in *Mote v. Helmly,* supra at 476, this court construed OCGA § 9-11-41 (a) "as requiring that a dismissal have court approval before it can be effectuated if there is a counterclaim and the counterclaimant objects." Compare *Fender v. Hendley,* 196 Ga. 512 (26 SE2d 887) (predating CPA). Nor will we allow a circumvention of *Mote* by allowing a party to withdraw its claim affidavit without the court's approval of the dismissal of the claim. As the probate court did not expressly approve the dismissal of appellee's claim and in legal effect transferred the matter in its entirety to the superior court, contrary to the parties' assumption, the claim was not in fact dismissed and remained pending before the superior court at the time of its ruling on appellee's subsequent motion to dismiss.

(c) Although we do not take issue with the basic principle of law expressed in *Newsom v. Newsom,* 257 Ga. 238, 239 (356 SE2d 883), citing *Moore v. McNair,* 145 Ga. App. 888 (245 SE2d 25) and *Hardwick-Morrison Co. v. Mayland,* 206 Ga. App. 426 (425 SE2d 416), we find those cases distinguishable as, in this case, a timely objection was posed to the voluntary dismissal of the counterclaim; additionally, neither *Newsom, Hardwick,* nor *Moore,* expressly addresses the failure of the probate court to approve a purported voluntary dismissal notwithstanding the pendency of a counterclaim, as required by *Mote,* supra.

In view of the above holdings, we need not determine whether the nature of the counterclaim was such that it could remain pending for independent adjudication before the court within the meaning of OCGA § 9-11-41 (a); neither need we determine whether, pursuant to the above-cited constitutional provision, the superior court should transfer rather than dismiss a counterclaim which it merely finds not to be supported by proper venue.

The order of the trial court granting appellee's motion to dismiss is reversed and this case remanded to the superior court for further adjudication consistent with this opinion.

*Judgment reversed and remanded. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1993.

*Jones & Ledbetter, Howard W. Jones, Joseph D. Little,* for appellant.

*Charles A. Evans,* for appellee.