A00A0880. MERRITT v. CITY OF WARNER ROBINS et al.

(534 SE2d 149)

McMurray, Senior Appellate Judge.

Appellee-defendant City of Warner Robins, by and through its Mayor and Council and John H. Lucas (the "City"), approved a request to annex and rezone a parcel of real property owned by Lucas. Appellant-plaintiff Lamar M. Merritt thereafter brought this action for injunctive relief seeking to "prohibit[ ] and prevent[ ] the City and Lucas from acting upon or enforcing any permits or rights granted by virtue of the annexation and rezoning." The superior court later granted summary judgment to the City finding that the plaintiff whose property was contiguous to the Lucas property lacked standing to challenge the City's rezoning decision in that he failed to demonstrate that he met the "substantial interest-aggrieved citizen" test for standing to challenge. See *Dunaway v. City of Marietta*, 251 Ga. 727, 728 (1) (308 SE2d 823); *Macon-Bibb County Planning &c. Comm. v. Vineville Neighborhood Assn.*, 218 Ga. App. 668, 669 (1) (462 SE2d 764).

In granting summary judgment to defendant, the superior court recognized that any zoning action necessarily changes the character of a neighborhood in some degree, but nonetheless found that the evidence showed only that the "damages complained of are an unavoidable result of normal, urban development." See *Lindsey Creek Area Civic Assn. v. Consolidated Govt. of Columbus*, 249 Ga. 488, 491 (292 SE2d 61). Noting that the plaintiff offered his own testimony alone to support his claim that the rezoning of the Lucas property from R-1 to R-3 would disturb the property's initial character, the superior court found that plaintiff had not supported his predictions as to increased traffic and crime by "any expert testimony or proffer that he will 'bear the brunt of the changed condition.' *AT&T Wireless PCS, Inc. v. Leafmore Forest Condominium Association of Owners*, 235 Ga. App. 319, 321 [(1) (509 SE2d 374)] (1998)." The court also pointed out: (1) that a homeowner's sole opinion as to diminished property value standing alone does not satisfy the "aggrieved citizen test for standing[,] *Lindsey Creek Area Civic Association v. Consolidated Government of Columbus, Georgia*, 249 Ga. [at] 492, [supra]"; and (2) that Georgia law does not recognize a claim for special damages based only upon traffic congestion. *Dunaway v. City of Marietta*, 251 Ga. at 728 (1), supra. While we find no grounds to reverse the superior court's findings, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), we are unable to reach them for lack of jurisdiction even if such grounds for reversal existed.

The plaintiff filed the instant direct appeal under OCGA § 5-6-34 (a), contending that he appealed from the final judgment of the superior court. Thereafter, the City moved to dismiss, arguing the plain-

tiff appealed from a decision of the superior court in a zoning case as to which an application is required. *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425-426 (1) (383 SE2d 123) (zoning case appeals require application for discretionary review for status, in effect, as court decisions reviewing administrative agency decisions within the meaning of OCGA § 5-6-35 (a) (1)).

Because plaintiff joined his action for injunctive relief with an appeal from a zoning decision, we conclude that the trial court's order comes within the purview of OCGA § 5-6-35 (a) (1), requiring the grant of an application for discretionary appeal under OCGA § 5-6-35 (b) in order to confer this Court's jurisdiction in the case sub judice. Id.; compare *Harrell v. Little Pup Dev. & Constr.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (direct appeal lies from suit in superior court seeking enforcement of zoning decision rather than review thereof). Where, as here, the discretionary appeal procedure provided in OCGA § 5-6-35 is applicable, "we have no jurisdiction to consider [the] appeal. *Botts v. Givens*, 223 Ga. App. 139 (476 SE2d 816); *Boyle v. State of Ga.*, 190 Ga. App. 734 (380 SE2d 57)." *Serpentfoot v. Salmon*, 225 Ga. App. 478 (483 SE2d 927). Though we note that the City withdrew its motion to dismiss without objection at oral argument, subject matter jurisdiction cannot be conferred by the consent of the parties. OCGA § 15-1-2; *Langston v. Nash*, 192 Ga. 427, 429 (2) (15 SE2d 481). A discretionary appeal not having been sought as required, the instant appeal must be and is dismissed for want of jurisdiction.

*Appeal dismissed. Johnson, C. J., and Phipps, J., concur.*

DECIDED APRIL 21, 2000.

*Phillips & Phillips, Arthur L. Phillips,* for appellant.
*James E. Elliott, Jr., Roy W. Griffis, Jr.,* for appellees.