S03A0677. CARPENTER et al. v. CARPENTER.

(583 SE2d 852)

HUNSTEIN, Justice.

Appellants Gloria and Steven Carpenter appeal from the dismissal of their caveat to the will of Everett "Leroy" Carpenter by the Superior Court of Dougherty County. We agree with appellants that the superior court lacked jurisdiction over the probate of the decedent's will and accordingly reverse.

1. Prior to the decedent's death, appellee Alvin Carpenter filed a suit in superior court on behalf of the decedent seeking, inter alia, the cancellation of a deed out of Leroy Carpenter to appellant Gloria Carpenter. Upon the decedent's death, appellee propounded his will in the Probate Court of Dougherty County, to which appellants filed a caveat. After the probate court denied appellee's motion for summary judgment, appellee moved the probate court to vacate its ruling and "refer" the case to the superior court judge who had been assigned to hear appellee's deed cancellation suit. In its order of October 24, 2001, the probate court vacated its ruling on the motion for summary judgment and expressly transferred the matter to superior court to be consolidated with the deed cancellation suit.

Probate courts have the exclusive jurisdiction over the probate of wills. OCGA § 53-5-1 (a). The procedure to be followed where a probate court judge is disqualified or unable to act[1] on the probate of a

---

[1] Based on statements in the briefs of the parties, it appears that the probate court judge felt it necessary to recuse herself from the probate of the decedent's will. There is no indication in the record whether this recusal was voluntary or a response to a motion for disqualification and the record on appeal does not reflect whether or not the procedure set forth

will is set forth in OCGA § 15-9-13, as implemented by Uniform Probate Court Rule 3. We agree with appellants that the record is utterly devoid of any indication that the procedure in OCGA § 15-9-13 was followed here in order to authorize the superior court judge to sit over the probate of the decedent's will. No written order was entered pursuant to UPCR 3 for the appointment of the superior court judge to act in the probate judge's absence.[2] See OCGA § 15-1-5 (rules of the courts are binding and must be observed). It thus appears that the superior court judge was not sitting over the probate proceedings in replacement for the recused probate court judge. Because a superior court lacks subject matter jurisdiction to hear the probate of a will, it follows that the judgment rendered by the superior court here was a nullity and void. See *Deans v. Deans*, 164 Ga. 162 (1) (137 SE 829) (1927). See also OCGA § 9-12-16; *Williams v. Fuller*, 244 Ga. 846 (2) (262 SE2d 135) (1979).

2. Our holding above renders it unnecessary for us to address appellants' remaining enumerations.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 10, 2003.

*Mark S. Redden, Phyllis J. Holmen, Lisa J. Krisher*, for appellants.

*Henry A. Hammack*, for appellee.

---

in Uniform Probate Court Rule 19 was utilized.

[2] Although UPCR 3 states that "[t]he foregoing is not intended to imply that OCGA § 15-9-13 (a) is the only allowable method of providing a substitute," nothing in the record in this case reflects that any other allowable method was followed to substitute the superior court judge for the probate court judge.