A03A0870. SUNTRUST BANK et al. v. PETERSON.
(587 SE2d 849)

ADAMS, Judge.

This case raises questions of jurisdiction and venue concerning the probate of a will and equitable counterclaims against nonresident executors.

The material facts are not in dispute. The record shows that on November 13, 1997, Margaret Talmadge Shepherd executed a will. On December 5, 2001, Shepherd, a resident and domiciliary of Telfair County, died leaving an estate that includes 300 acres of land in Tel-

---

fair County. In late January 2002, SunTrust Bank and Herman Eugene Talmadge, Jr., co-executors under the will, filed to probate the will in common form in Telfair County. On January 25, the probate court admitted the will to probate. On February 20, 2002, the co-executors filed for probate in solemn form.

Two days later, Galen L. Peterson, the decedent's grandniece, filed a caveat to the will. She alleged (1) that the decedent was unduly influenced to execute the 1997 will, (2) that a subsequent will naming her the primary beneficiary had been destroyed, and (3) that the decedent had promised and contracted that she would receive the entire estate in exchange for taking care of the decedent. Asserting that she had raised equitable claims and that therefore the probate court had no jurisdiction to hear the entire matter, Peterson included in her caveat a motion to transfer the case to superior court.

Almost simultaneously, Peterson filed a complaint in Telfair Superior Court making the identical allegations. She named Sun-Trust and Talmadge as defendants despite the fact that neither was a resident of Telfair County. In that complaint, she again alleged that the probate court lost jurisdiction because of the caveat, and she moved that the probate court be enjoined from any further action except transferring the case to superior court.

Talmadge and SunTrust had no notice of the motions or orders, prior to when their attorney received a conference call from Peterson's attorney and the superior court judge, in which the judge explained what he was going to do. And Peterson acknowledges that neither Talmadge nor SunTrust consented to bypass probate court and transfer the matter to superior court. Shortly thereafter, the superior court issued an order enjoining the probate court from taking any action other than transferring the case to superior court. The court also ordered that SunTrust be the sole temporary executor/administrator/trustee of the estate, and that it only disburse expenses that were necessary to preserve the property of the estate. Meanwhile, almost simultaneously, the probate court transferred the entire probate case to the superior court. It is unclear which order was issued first — the superior court order or the probate court order.

Talmadge and SunTrust then moved to transfer back to probate court the issue of whether the 1997 will could be admitted to probate in solemn form, on the grounds that the probate court had exclusive jurisdiction of that matter. They also moved to dismiss the superior court action on the ground that venue was improper because neither defendant was a resident of Telfair County. Following a hearing on the issues, the superior court denied Talmadge's and SunTrust's motions in a 20-page order in which it concluded that it had jurisdiction over the entire probate matter and venue over the nonresident

executors. This Court granted the co-executors' application for an interlocutory appeal.

1. The probate court has exclusive jurisdiction of the probate of the 1997 will. OCGA § 53-5-1 (a).[1] Superior courts lack subject matter jurisdiction to hear the probate of a will. *Carpenter v. Carpenter*, 276 Ga. 746 (583 SE2d 852) (2003).[2] Any judgment that could be rendered by the superior court on the probate of a will would be a nullity and void. See id. Although the trial court found that Talmadge and SunTrust waived an aspect of their argument about jurisdiction, subject matter jurisdiction cannot be conferred by consent or waiver. *Blue Cross & Blue Shield of Ga. v. Deal*, 244 Ga. App. 700, 707-708 (3) (536 SE2d 590) (2000); *Merritt v. City of Warner Robins*, 243 Ga. App. 693, 694 (534 SE2d 149) (2000) (subject matter jurisdiction cannot be conferred by the consent of the parties despite apparent waiver at oral argument).

The fact that Peterson's caveat to probate of the will in solemn form raised an equitable issue does not remove jurisdiction of the entire probate matter from the probate court nor give jurisdiction of the entire matter to the superior court. First, the claim of a contract to make a will is an equitable action that must be brought separately in superior court; the probate court has no jurisdiction of the matter. *Thomas v. Roughton*, 227 Ga. 127, 131 (2) (179 SE2d 62) (1971). See also *Horn v. Gilley*, 263 Ga. 104 (1) (428 SE2d 568) (1993) (claim of contract to devise is a separate matter from probate of a will); *Lewis v. Tanner*, 252 Ga. 252, 253 (1) (312 SE2d 798) (1984) (it is a claim completely independent of probate).

Second, even though the equitable claim must be brought in superior court, "[t]he rule that equity seeks always to do complete justice will not bring into equitable jurisdiction matters over which another court has exclusive jurisdiction. [Cits.]" (Emphasis omitted.) *Benton v. Turk*, 188 Ga. 710, 723 (1) (4 SE2d 580) (1939). Third, the

---

[1] The only issue to be addressed on probate of a will in solemn form is devisavit vel non, — whether the paper propounded is, or is not, the last will and testament of the deceased. . . . (G)enerally, when a will is offered for probate . . . , there are only three matters for consideration: (1) the legal execution of the will; (2) the testamentary capacity of the testator; and (3) the presence or absence of undue influence, fraud, or mistake in the execution of the will. . . . The probate of a will is merely conclusive of the factum of the will. [Cits.]
*Cross v. Stokes*, 275 Ga. 872, 874 (1) (572 SE2d 538) (2002). Another matter — revocavit vel non (did the testator later revoke the will) may also be raised by caveat. See Radford, Redfearn Wills and Administration in Georgia (6th ed. 2000), § 5-20, pp. 121-122.

[2] Compare *Vowell v. Carmichael*, 235 Ga. 387, 390 (219 SE2d 732) (1975) ("[I]t cannot be said that courts of equity entirely lack probate subject matter jurisdiction."). But, a court of equity may assume jurisdiction relating to the administration of estates only under certain conditions. See *Powell v. Thorsen*, 248 Ga. 697, 698-699 (285 SE2d 699) (1982). Neither of these cases stands for the proposition that a superior court may take jurisdiction of the issue of devisavit vel non.

proper action to be taken in response to a claim raised by caveat that falls outside of the probate court's jurisdiction is for the probate court to transfer only that claim to the appropriate court in the state with jurisdiction and venue of the matter. See *Johnson v. Hamilton*, 211 Ga. App. 268, 269 (1) (438 SE2d 715) (1993) (probate court transferred a claim against the estate and a counterclaim to superior court, but not the original application to sell property). Nothing prevents the appropriate party from seeking enforcement of a contract to make a will in a separate matter, and concurrently, with a caveat to probate a will made in alleged violation of that contract. See *Liberty Nat. Bank &c. Co. v. Diamond*, 227 Ga. 200, 201-202 (1) (179 SE2d 761) (1971).[3]

The superior court also reasoned that because the estate includes 300 acres of land, Peterson's claims constitute a claim of title to real property for which it has exclusive jurisdiction. But a superior court's jurisdiction of matters relating to title to land applies only to "cases in which the plaintiff asserts his title to the land in question, and depends for a recovery upon his maintenance of it. . . ." (Citations, punctuation and emphasis omitted.) *Ingold, Inc. v. Adair*, 247 Ga. 155 (274 SE2d 560) (1981). A claim of a contract to make a will is not such a case because the claim to property is not based on an asserted title but rather an alleged contract to make a will.

Accordingly, we hold that the superior court erred by denying Talmadge's and SunTrust's motion to transfer to the probate court the issue of devisavit vel non and revocavit vel non regarding the 1997 will. We remand that aspect of the case for transfer to the probate court.

2. For a claim of breach of contract to make a will, the Georgia Constitution requires that suit be brought in the county of the defendant's residence. Ga. Const., Art. VI, Sec. II, Par. VI. See also OCGA § 9-10-30; *Abrams v. Massell*, 262 Ga. App. 761 (586 SE2d 435) (2003). Neither Talmadge nor SunTrust was a resident of Telfair County when the complaint was filed in superior court. Therefore venue was not proper in that court for the only nonprobate issue presented in this case — breach of contract to make a will.[4]

---

[3] If the claimant successfully establishes a contract to make a will in superior court, the claimant may return to probate court and move to set aside the judgment on a proper showing that another will is entitled to be admitted to probate. See OCGA § 53-5-50 (a).

[4] Peterson also demanded that the probate court be enjoined. We note that actions seeking injunctions to stay pending proceedings may be filed in the county where the proceedings are pending. OCGA § 9-10-30. But that provision is only applicable if "no relief is prayed as to matters not included in such litigation." Id. Here, Peterson's claim of a contract to make a will falls outside of the litigation sought to be enjoined. Furthermore, as a general rule, a superior court cannot enjoin the offer of a will for probate. *Horn*, 263 Ga. at 106 (2).

Also, venue cannot be based on the location of the real property merely because Peterson seeks as a remedy a constructive trust on the property. See *Schuehler v. Pait*, 239 Ga. 520, 523-524 (2) (238 SE2d 65) (1977) (cases involving title to land do not include actions in which the plaintiff must first seek the aid of equity to perfect his title).

Accordingly, we remand the case for transfer of the breach of contract claim to the appropriate court. Ga. Const., Art. VI, Sec. I, Par. VIII.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 25, 2003.

Jones, Cork & Miller, Hubert C. Lovein, Jr., Timothy K. Adams, Crumbley & Crumbley, R. Alex Crumbley, Smith & Harrington, John P. Harrington, for appellants.
W. McMillan Walker, for appellee.

