In the Supreme Court of Georgia

Decided: October 20, 2014

S14A0767. RAY et al. v. STEVENS.

HUNSTEIN, Justice.

In this case we must determine whether the brother of a decedent had standing to offer the decedent's will for probate pursuant to OCGA § 53-5-2. For the reasons set forth below, we hold that the brother, Propounder Thomas Arthur Stevens, did not have standing to offer the will for probate because he was not an "interested person" as required by OCGA § 53-5-2. Accordingly, we reverse.

On or about August 28, 2008, decedent Grady Williams Stevens was diagnosed with pancreatic cancer and was given approximately four weeks to live. He began a strenuous regimen of pain medications to provide him relief during his last weeks, and his daughter, Sherry S. Ray, began caring for him at her home. On September 17, 2008, the decedent signed a will naming Ray as executrix and sole beneficiary and signed two deeds conveying certain real

property to Propounder Stevens and his sister. On October 7, 2008, the decedent died. The attorney who had prepared the decedent's will and the two deeds subsequently filed the will with the probate court.

Ray never submitted the will for probate because she believed it to be the result of Propounder's undue influence over her father, that her father lacked the requisite mental capacity to understand what he was signing, and that her father would have wanted his estate, including the property he conveyed by the two deeds he signed before his death, to pass equally to her and her only sibling, Shane Stevens. Approximately nine months after the decedent died, Propounder submitted the will for probate and sought appointment as administrator of the estate by submitting a "Petition to Probate Will in Solemn Form and For Letters of Administration With Will Annexed." Ray and Shane Stevens filed caveats to the petition. Caveators claimed that Propounder Stevens exerted a predominant and undue influence on their father to induce him to sign the will and deeds and that their father lacked testamentary capacity at the time he signed the will because he was heavily medicated and possessed insufficient mental

capacity.[1]

After a hearing, the probate court issued an order denying Propounder's petition to probate, finding that the decedent lacked testamentary capacity. Propounder thereafter appealed to the superior court.[2] The superior court denied Caveators' motion for summary judgment, finding that genuine issues of fact remained. Caveators then filed a motion to dismiss, contending that Propounder lacked standing to probate the will, which the court denied. After a bench trial, the court issued an order finding that the will was valid, the decedent did not lack testamentary capacity, and Propounder did not exert an undue influence over the decedent. After the court denied their motion for new trial, Caveators appealed to this Court, arguing, inter alia, that the court erred by denying their motion to dismiss for lack of standing.

Section 53-5-2 of Georgia's Probate Code states as follows:

The right to offer a will for probate shall belong to the executor, if one is named. If for any reason the executor fails to offer the will

---

[1]Caveators also filed a separate action to set aside the deeds based upon undue influence, false pretenses, and fraud. This action remained pending at the time of the briefing of this appeal.

[2]Meanwhile, according to the record, the probate court appointed Ray as the administrator of the decedent's intestate estate.

for probate with reasonable promptness, or if no executor is named, any interested person may offer the will for probate.

It is undisputed that Propounder is not the named executor in the decedent's will. Thus, the question is whether Propounder is an "interested person" who may offer the will for probate. See id. This term is not specifically defined in our Probate Code.

The requirement that one who offers a will for probate be an "interested person" can be traced in Georgia case law to at least as early as 1853 in Finch v. Finch, 14 Ga. 362 (1853). In that case, a legatee under the will at issue propounded the same for probate. Id. at 362. The caveators objected on the ground, inter alia, that the propounder was not the named executor and could not propound the will until he showed that he had an interest in the will by filing an affidavit or some other evidence to prove his interest. Id. at 364-365. This Court held that because the will on its face showed that the propounder was a legatee, and therefore had an interest in the will, no further evidence to prove interest was necessary. Id. at 365.

Since Finch, we have continued to recognize that legatees and devisees under a will qualify as "interested persons" who may offer the will for probate.

4

See Horn v. Gilley, 263 Ga. 104 (1) (428 SE 2d 568) (1993) (devisee could offer will for probate); Hadden v. Stevens, 181 Ga. 165 (181 SE 767) (1935) (niece, as a named beneficiary in a will, could probate the will, although she waited too long to do so, such as to amount to gross negligence); Scott v. McKee, 105 Ga. 256 (1) (31 SE 183) (1898) (legatees and devisees of a will could stand in the shoes of the executor, who had propounded the will but soon thereafter died, because the legatees and devisees were interested persons who could have probated the will if the executor had failed to do so); Israel v. Wolf, 100 Ga. 339, 341 (28 SE 109) (1897) (noting in dicta that if the executor renounced or refused to apply for probate, persons named in the will as legatees could do so). It is clear that Propounder is not a legatee or devisee under the will.

Propounder argues that he had standing to offer the will for probate because he is a general creditor of the estate. At trial, Propounder testified that he loaned the decedent $700 before his death, which was never repaid. However, even if the conflicting testimony supported Propounder's position that he is a general creditor of the estate,[3] this would not give him standing to offer

---

[3] Propounder testified at trial that he gave the decedent the money without a note, as he had often done in the past. Propounder gave conflicting testimony that the money was "probably not" intended to be repaid and also that he did intend for it to

the will for probate. Regardless of whether the will was probated, it is immaterial "whether a creditor receive payment of his debt from an executor or from an administrator." Hooks v. Brown, 125 Ga. 122, 131 (53 SE 583) (1906). Thus, Propounder, as a general creditor, is not an "interested person" for purposes of OCGA § 53-5-2.

Caveators urge the Court to define an "interested person" who may offer a will for probate in the same way we have defined an "interested person" with standing to caveat a will. This Court has found that "[o]nly those who have some interest in the will or estate which will be affected or concluded by probate have a right to file a caveat." Melican v. Parker, 283 Ga. 253, 254 (1) (657 SE2d 234) (2008). Our cases have recognized those interested persons with standing to caveat a will to include heirs, a purchaser from an heir, a judgment creditor of an heir, an administrator appointed for the testator before the discovery of the will, and persons claiming under an earlier will. 2 Daniel F. Hinkel, Pindar's Ga. Real Estate Law & Procedure § 16:26 (7th ed. 2014); see also Hooks, 125 Ga. at 129-130. Even if we were to adopt this definition of

---

be repaid.

6

"interested persons" from the caveat context, Propounder would still lack standing. Propounder is not an heir because the decedent was survived by his two children. See OCGA § 53-2-1 (2) ("If the decedent is not survived by a spouse, the heirs shall be those relatives, as provided in this Code section, who are in the nearest degree to the decedent in which there is any survivor"); OCGA § 53-2-1 (3) (children of the decedent are in the first degree). Propounder is also not a judgment creditor of an heir of the decedent, a purchaser from an heir, a person claiming under an earlier will, or an administrator appointed for the decedent before discovery of the will.

Contrary to Propounder's arguments, not everyone may offer a will for probate. Instead, pursuant to OCGA § 53-5-2, only interested persons may do so. Propounder has not shown that he was such a person. Therefore, the superior court erred by denying Caveators' motion to dismiss Propounder's petition to probate due to lack of standing.

Reversed. All the Justices concur.